|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA | |
| 9 | | |
| 10 | | |
| 11 | CRAIG D. HANSON, | CASE NO. 13-5388 RJB |
| 12 | Plaintiff, | ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |
| 13 | v. | |
| 14 | COUNTY OF KITSAP, WASHINGTON, DAVID LYNAM, KITSAP COUNTY FIRE MARSHAL, JOHN AND JANE DOE, EMPLOYEE-AGENTS AND FORMER EMPLOYEE AGENTS OF KITSAP COUNTY, | |
| 15 | | |
| 16 | | |
| 17 | Defendants. | |

This matter comes before the Court on the Plaintiff's Motion for Protective Order. Dkt. 13. The Court has considered the pleadings filed regarding the motion and the remaining file.

Plaintiff brings this employment case pursuant to Uniformed Services Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301, *et seq*. and state law. Dkt. 1. In this motion, Plaintiff moves for an order enjoining Defendants and Defendants' agents from conducting non-deposition interviews of Plaintiff and from using Plaintiff's refusal to participate

in non-deposition interviews as a basis for an affirmative defense in this case. Dkt. 13. His motion should be denied because he has failed to allege sufficient good cause for such an order.

## I. FACTS

### A. ALLEGATIONS IN THE AMENDED COMPLAINT

On May 22, 2013, Plaintiff, a veteran of the United States Army, United States Marine Corp, and Washington Army National Guard, filed this case. Dkt. 1. In his Amended Complaint, Plaintiff alleges that he has worked for Defendants from March of 2007 to the present. Dkt. 11, at 3. Plaintiff is a Deputy Fire Marshal 1 ("DFM 1"). *Id.* Plaintiff asserts that as early as June of 2007, he began to conduct, but not get paid for, duties associated with a Deputy Fire Marshal 2 ("DFM 2") position. *Id.,* at 4. In August of 2009, Plaintiff received notice that he was being called for active duty military service, and began that service in November of 2009. *Id.*, at 6.

Plaintiff returned to work for Defendant Kitsap County in December of 2012. *Id.,* at 7. The Amended Complaint alleges that soon after his return to work, Defendants did not allow him to resume his DFM 2 duties, did not give him the proper tools for his job, did not allow him to attend training, and reduced his hours. *Id.* Plaintiff alleges he informed Defendants that these actions were exacerbating his Post Traumatic Stress Syndrome ("PTSD"). *Id.,* at 8. He asserts Defendants took no action. *Id.*

Plaintiff then contacted an ombudsman with the federal Employer Support for Guard and Reserve, who then tried to contact Defendants. *Id.,* at 8-9. Plaintiff alleges that the Defendants did not respond, and Defendant Lynam (Plaintiff's supervisor) characterized the complaint as "offensive." *Id.* Plaintiff alleges that Defendants then assigned him a lower status radio call sign

1  and took necessary equipment and tools away from him. *Id.* Plaintiff asserts that Defendant
2  Lynam allowed co-workers to "single out and ostracize" him. *Id.*

3  Plaintiff asserts that on April 9, 2013, the County required him to apply for a DFM 2
4  position. *Id.,* at 10. Plaintiff did not get the job. *Id.* On April 26, 2013, Plaintiff alleges that
5  Defendants asked him to attend an annual performance evaluation, months earlier than he was
6  scheduled to do. *Id.* Plaintiff alleges that during that interview, Defendants admitted that he was
7  well qualified to do his job, but that he did not get the DFM 2 job because of his attitude. *Id.* at
8  11-12. He was also informed that his hours were being cut. *Id.* He alleges further, that
9  Defendants informed other County employees not to write any positive character references for
10 Plaintiff and not to contact him for any job-related work. *Id,* at 12.

11 In addition to the above, Plaintiff alleges that Defendants also refused to provide him
12 with proper credit and or contributions to his county retirement account while he was on active
13 duty. *Id.*

14 Plaintiff alleges that on or about May 1, 2013 he filed a claim with the County. *Id.*
15 Plaintiff asserts that on or about May 8, 2013, Defendants began to try to undermine his attempts
16 to enforce his rights by stripping him of all his responsibilities and pay. *Id.,* at 13. Plaintiff
17 contends that in retaliation for filing his tort claim with the County, Defendants contacted him on
18 at least two occasions, the last being on May 20, 2013, and demanded that he participate in
19 interviews to "accommodate" his Americans with Disabilities Act ("ADA") request. *Id.*
20 Plaintiff denies that he is making, or has made an ADA claim or request. *Id.* Plaintiff asserts
21 that he referred Defendants to his attorney. *Id.*

22 Plaintiff filed this action on May 22, 2013. Dkt. 1. Plaintiff claims that after he filed
23 suit, Defendants informed him that he would be "denied his usual work responsibilities until he
24

became medically cleared to do his DFM 1 and 2 investigation work" in retaliation for filing this suit. Dkt.11, at 14. Plaintiff asserts that Defendants took this action even though they acknowledged on May 1, 2013 he was well qualified for his work and he has not made an ADA claim. *Id.*

### B. FACTS RELEVANT TO THE PENDING MOTION

In so far as this motion is concerned, Plaintiff asserts that he was contacted by the County and told that he was to participate in an interview with an individual hired by the County. Dkt. 13. Plaintiff states that this investigator is a former County employee with close ties to the Defendants' attorneys. *Id.* Plaintiff states that the County has indicated that his failure to participate will be used as an affirmative defense to his claims. *Id.*

According to the Defendants, Kitsap County has a "Policy Prohibiting Discrimination and Harassment" and that pursuant to that policy, when an allegation of discrimination is made, the County promptly begins an investigation. Dkt. 17. Defendants state that they received Plaintiff's claim for damages on May 1, 2013, and that claim included allegations of harassment. *Id.* The County began investigating, and notified Plaintiff that he could participate in the investigation. *Id.* Defendants state that nothing in the County's policy requires Plaintiff to attend. *Id.*

### C. PENDING MOTION

In the pending motion, Plaintiff seeks an order preventing the County from interviewing Plaintiff about the bases for his legal claims and from using the contents of the interview in this litigation. Dkts. 13 and 19. Plaintiff argues that Defendants are harassing him and are attempting to circumvent the discovery rules by using an investigator. *Id.* He points out that he is a represented party and as such Defendants' counsel (or agents of Defendants' counsel) are

prohibited under the Washington Rules of Professional Conduct from contacting him about his claims without his lawyer's consent. *Id.* (*citing* Washington Rules of Professional Conduct 4.2).

The Defendants respond and state that Plaintiff fails to assert "good cause" for the issuance of a protective order. Dkt. 16. They state that Kitsap County has an obligation to investigate the claims made by Plaintiff. *Id.* The Defendants state, though, that Plaintiff does not have to participate and is free to bring his attorney. *Id.* Counsel for Defendants indicate that they will not be present at the interviews. *Id.*

## II.   DISCUSSION

### A. PROTECTIVE ORDER – STANDARD

Fed. R. Civ. P. 26(c) provides:

> Protective Orders. (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

### B. MOTION FOR PROTECTIVE ORDER

Plaintiff's motion for an order enjoining Defendants and Defendants' agents from conducting non-deposition interviews of Plaintiff and from using Plaintiff's refusal to participate in non-deposition interviews as a basis for an affirmative defense in this case (Dkt. 13) should be denied. Plaintiff has failed to allege sufficient good cause for the protective order. Plaintiff is not being compelled to attend the non-deposition interview. Defendants have stated that Plaintiff does not have to participate. Plaintiff may also choose to attend with counsel present. The Defendants properly point out that it is too premature to determine whether Plaintiff's failure to participate would constitute an affirmative defense for them. Further, although this Court takes a dim view of violation of any of Washington's Rules of Professional Conduct, that issue is not grounds for a different result here. Plaintiff's motion for issuance of a protective order (Dkt. 13) should be denied.

### III. ORDER

It is **ORDERED** that:

- Plaintiff's Motion for Protective Order (Dkt. 13) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of June, 2013.

*(signature)*

ROBERT J. BRYAN
United States District Judge