1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG D. HANSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KITSAP, WASHINGTON,<br>DAVID LYNAM, KITSAP COUNTY<br>FIRE MARSHAL, JOHN AND JANE<br>DOE, EMPLOYEE-AGENTS AND<br>FORMER EMPLOYEE AGENTS OF<br>KITSAP COUNTY,<br><br>Defendants. | CASE NO. 13-5388 RJB<br><br>ORDER ON PLAINTIFF'S MOTION<br>FOR PROTECTIVE ORDER |

11

12

13

14

15

16

17

18

    This matter comes before the Court on the Plaintiff's Motion for Protective Order.  Dkt.

19

13.  The Court has considered the pleadings filed regarding the motion and the remaining file.

20

    Plaintiff brings this employment case pursuant to Uniformed Services Employment and

21

Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301, *et seq*. and state law.  Dkt. 1.  In this

22

motion, Plaintiff moves for an order enjoining Defendants and Defendants' agents from

23

conducting non-deposition interviews of Plaintiff and from using Plaintiff's refusal to participate

24

ORDER ON PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER- 1

1  in non-deposition interviews as a basis for an affirmative defense in this case. Dkt. 13. His

2  motion should be denied because he has failed to allege sufficient good cause for such an order.

3                                    I.      **FACTS**

4           **A. ALLEGATIONS IN THE AMENDED COMPLAINT**

5           On May 22, 2013, Plaintiff, a veteran of the United States Army, United States Marine

6  Corp, and Washington Army National Guard, filed this case. Dkt. 1. In his Amended

7  Complaint, Plaintiff alleges that he has worked for Defendants from March of 2007 to the

8  present. Dkt. 11, at 3. Plaintiff is a Deputy Fire Marshal 1 ("DFM 1"). *Id.* Plaintiff asserts that

9  as early as June of 2007, he began to conduct, but not get paid for, duties associated with a

10 Deputy Fire Marshal 2 ("DFM 2") position. *Id.,* at 4. In August of 2009, Plaintiff received

11 notice that he was being called for active duty military service, and began that service in

12 November of 2009. *Id.*, at 6.

13          Plaintiff returned to work for Defendant Kitsap County in December of 2012. *Id.,* at 7.

14 The Amended Complaint alleges that soon after his return to work, Defendants did not allow him

15 to resume his DFM 2 duties, did not give him the proper tools for his job, did not allow him to

16 attend training, and reduced his hours. *Id.* Plaintiff alleges he informed Defendants that these

17 actions were exacerbating his Post Traumatic Stress Syndrome ("PTSD"). *Id.,* at 8. He asserts

18 Defendants took no action. *Id.*

19          Plaintiff then contacted an ombudsman with the federal Employer Support for Guard and

20 Reserve, who then tried to contact Defendants. *Id.,* at 8-9. Plaintiff alleges that the Defendants

21 did not respond, and Defendant Lynam (Plaintiff's supervisor) characterized the complaint as

22 "offensive." *Id.* Plaintiff alleges that Defendants then assigned him a lower status radio call sign

23

24

ORDER ON PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER- 2

1 | and took necessary equipment and tools away from him.  *Id.*  Plaintiff asserts that Defendant

2 | Lynam allowed co-workers to "single out and ostracize" him.  *Id.*

3 |       Plaintiff asserts that on April 9, 2013, the County required him to apply for a DFM 2

4 | position.  *Id.,* at 10.  Plaintiff did not get the job.  *Id.*  On April 26, 2013, Plaintiff alleges that

5 | Defendants asked him to attend an annual performance evaluation, months earlier than he was

6 | scheduled to do.  *Id*.  Plaintiff alleges that during that interview, Defendants admitted that he was

7 | well qualified to do his job, but that he did not get the DFM 2 job because of his attitude.  *Id.* at

8 | 11-12.  He was also informed that his hours were being cut.  *Id*.  He alleges further, that

9 | Defendants informed other County employees not to write any positive character references for

10 | Plaintiff and not to contact him for any job-related work.  *Id,* at 12.

11 |       In addition to the above, Plaintiff alleges that Defendants also refused to provide him

12 | with proper credit and or contributions to his county retirement account while he was on active

13 | duty.  *Id.*

14 |       Plaintiff alleges that on or about May 1, 2013 he filed a claim with the County.  *Id.*

15 | Plaintiff asserts that on or about May 8, 2013, Defendants began to try to undermine his attempts

16 | to enforce his rights by stripping him of all his responsibilities and pay.  *Id.,* at 13.  Plaintiff

17 | contends that in retaliation for filing his tort claim with the County, Defendants contacted him on

18 | at least two occasions, the last being on May 20, 2013, and demanded that he participate in

19 | interviews to "accommodate" his Americans with Disabilities Act ("ADA") request.  *Id.*

20 | Plaintiff denies that he is making, or has made an ADA claim or request.  *Id.*  Plaintiff asserts

21 | that he referred Defendants to his attorney.  *Id.*

22 |       Plaintiff filed this action on May 22, 2013.  Dkt. 1.  Plaintiff claims that after he filed

23 | suit, Defendants informed him that he would be "denied his usual work responsibilities until he

24 |

ORDER ON PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER- 3

1  became medically cleared to do his DFM 1 and 2 investigation work" in retaliation for filing this

2  suit.  Dkt.11, at 14.  Plaintiff asserts that Defendants took this action even though they

3  acknowledged on May 1, 2013 he was well qualified for his work and he has not made an ADA

4  claim.  *Id.*

5  ## B.  FACTS RELEVANT TO THE PENDING MOTION

6  In so far as this motion is concerned, Plaintiff asserts that he was contacted by the County

7  and told that he was to participate in an interview with an individual hired by the County.  Dkt.

8  13.  Plaintiff states that this investigator is a former County employee with close ties to the

9  Defendants' attorneys.  *Id.*  Plaintiff states that the County has indicated that his failure to

10  participate will be used as an affirmative defense to his claims.  *Id.*

11  According to the Defendants, Kitsap County has a "Policy Prohibiting Discrimination

12  and Harassment" and that pursuant to that policy, when an allegation of discrimination is made,

13  the County promptly begins an investigation.  Dkt. 17.  Defendants state that they received

14  Plaintiff's claim for damages on May 1, 2013, and that claim included allegations of harassment.

15  *Id.*  The County began investigating, and notified Plaintiff that he could participate in the

16  investigation.  *Id.*  Defendants state that nothing in the County's policy requires Plaintiff to

17  attend.  *Id.*

18  ## C.  PENDING MOTION

19  In the pending motion, Plaintiff seeks an order preventing the County from interviewing

20  Plaintiff about the bases for his legal claims and from using the contents of the interview in this

21  litigation.  Dkts. 13 and 19.  Plaintiff argues that Defendants are harassing him and are

22  attempting to circumvent the discovery rules by using an investigator.  *Id.*  He points out that he

23  is a represented party and as such Defendants' counsel (or agents of Defendants' counsel) are

24

1  prohibited under the Washington Rules of Professional Conduct from contacting him about his

2  claims without his lawyer's consent. *Id.* (*citing* Washington Rules of Professional Conduct 4.2).

3        The Defendants respond and state that Plaintiff fails to assert "good cause" for the

4  issuance of a protective order. Dkt. 16. They state that Kitsap County has an obligation to

5  investigate the claims made by Plaintiff. *Id.* The Defendants state, though, that Plaintiff does

6  not have to participate and is free to bring his attorney. *Id.* Counsel for Defendants indicate that

7  they will not be present at the interviews. *Id.*

8                          **II.        DISCUSSION**

9       **A. PROTECTIVE ORDER – STANDARD**

10      Fed. R. Civ. P. 26(c) provides:

11          Protective Orders. (1) In General. A party or any person from whom discovery is
            sought may move for a protective order in the court where the action is pending--
12          or as an alternative on matters relating to a deposition, in the court for the district
            where the deposition will be taken. The motion must include a certification that
13          the movant has in good faith conferred or attempted to confer with other affected
            parties in an effort to resolve the dispute without court action. The court may, for
14          good cause, issue an order to protect a party or person from annoyance,
            embarrassment, oppression, or undue burden or expense, including one or more of
15          the following:
            (A) forbidding the disclosure or discovery;
16          (B) specifying terms, including time and place, for the disclosure or discovery;
            (C) prescribing a discovery method other than the one selected by the party
17          seeking discovery;
            (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or
18          discovery to certain matters;
            (E) designating the persons who may be present while the discovery is conducted;
19          (F) requiring that a deposition be sealed and opened only on court order;
            (G) requiring that a trade secret or other confidential research, development, or
20          commercial information not be revealed or be revealed only in a specified way;
            and
21          (H) requiring that the parties simultaneously file specified documents or
            information in sealed envelopes, to be opened as the court directs.

22

23      **B. MOTION FOR PROTECTIVE ORDER**

24

ORDER ON PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER- 5

1   Plaintiff's motion for an order enjoining Defendants and Defendants' agents from

2   conducting non-deposition interviews of Plaintiff and from using Plaintiff's refusal to participate

3   in non-deposition interviews as a basis for an affirmative defense in this case (Dkt. 13) should be

4   denied.  Plaintiff has failed to allege sufficient good cause for the protective order.  Plaintiff is

5   not being compelled to attend the non-deposition interview.  Defendants have stated that Plaintiff

6   does not have to participate.  Plaintiff may also choose to attend with counsel present.  The

7   Defendants properly point out that it is too premature to determine whether Plaintiff's failure to

8   participate would constitute an affirmative defense for them.  Further, although this Court takes a

9   dim view of violation of any of Washington's Rules of Professional Conduct, that issue is not

10  grounds for a different result here.  Plaintiff's motion for issuance of a protective order (Dkt. 13)

11  should be denied.

## III.   ORDER

13   It is **ORDERED** that:

14   - Plaintiff's Motion for Protective Order (Dkt. 13) **IS DENIED.**

15   The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16  to any party appearing *pro se* at said party's last known address.

17   Dated this 14th day of June, 2013.

18

19

ROBERT J. BRYAN
United States District Judge

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER- 6