UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG D. HANSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>COUNTY OF KITSAP, WASHINGTON, DAVID LYNAM, KITSAP COUNTY FIRE MARSHAL, JOHN AND JANE DOE, EMPLOYEE-AGENTS AND FORMER EMPLOYEE AGENTS OF KITSAP COUNTY,<br><br>                    Defendants. | CASE NO. 13-5388 RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT |

This matter comes before the Court on the Plaintiff's Motion to Amend the Complaint. Dkt. 38. The Court has considered the pleadings filed regarding the motion and the remaining file.

Plaintiff, a veteran of the United States Army, United States Marine Corps, and Washington Army National Guard, filed this employment case pursuant to Uniformed Services Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301, *et seq*. and state

1  law on May 22, 2013.  Dkt. 1.  Plaintiff's motion for an order granting partial summary judgment

2  on the issue of liability regarding his USERRA claims under 38 U.S.C. §§ 4312, 4313

3  (reemployment), 4316 (benefits & without cause discharge) and 4318 (pension) was denied on

4  October 1, 2013.  Dkt. 37.

5       In the instant motion, Plaintiff seeks leave to amend his Amended Complaint to add both

6  federal and state claims.  Dkt. 38.  For the reasons set forth below, the motion should be denied

7  as to the proposed First Amendment claim and granted as to the remaining proposed claims.

8                                    **I.      FACTS**

9       **A.  ALLEGATIONS IN THE AMENDED COMPLAINT**

10      The following summary of the allegations in the Amended Complaint is taken from the

11  Court's earlier Order Denying Plaintiff's Motion for Protective Order and is provided for

12  background:

13           In his Amended Complaint, Plaintiff alleges that he has worked for
    Defendants from March of 2007 to the present.  Dkt. 11, at 3.  Plaintiff is a
14       Deputy Fire Marshal 1 ("DFM 1").  *Id.*  Plaintiff asserts that as early as June of
         2007, he began to conduct, but not get paid for, duties associated with a Deputy
15       Fire Marshal 2 ("DFM 2") position.  *Id.,* at 4.  In August of 2009, Plaintiff
         received notice that he was being called for active duty military service, and
16       began that service in November of 2009.  *Id.,* at 6.
             Plaintiff returned to work for Defendant Kitsap County in December of
17       2012.  *Id.,* at 7.  The Amended Complaint alleges that soon after his return to
         work, Defendants did not allow him to resume his DFM 2 duties, did not give him
18       the proper tools for his job, did not allow him to attend training, and reduced his
         hours.  *Id.*  Plaintiff alleges he informed Defendants that these actions were
19       exacerbating his Post Traumatic Stress Syndrome ("PTSD").  *Id.,* at 8.  He asserts
         Defendants took no action.  *Id.*
20           Plaintiff then contacted an ombudsman with the federal Employer Support
         for Guard and Reserve, who then tried to contact Defendants.  *Id.,* at 8-9.  Plaintiff
21       alleges that the Defendants did not respond, and Defendant Lynam (Plaintiff's
         supervisor) characterized the complaint as "offensive."  *Id.*  Plaintiff alleges that
22       Defendants then assigned him a lower status radio call sign and took necessary
         equipment and tools away from him.  *Id.*  Plaintiff asserts that Defendant Lynam
23       allowed co-workers to "single out and ostracize" him.  *Id.*

24

ORDER ON PLAINTIFF'S MOTION TO AMEND
COMPLAINT- 2

Plaintiff asserts that on April 9, 2013, the County required him to apply for a DFM 2 position. *Id.,* at 10. Plaintiff did not get the job. *Id.* On April 26, 2013, Plaintiff alleges that Defendants asked him to attend an annual performance evaluation, months earlier than he was scheduled to do. *Id.* Plaintiff alleges that during that interview, Defendants admitted that he was well qualified to do his job, but that he did not get the DFM 2 job because of his attitude. *Id.* at 11-12. He was also informed that his hours were being cut. *Id.* He alleges further, that Defendants informed other County employees not to write any positive character references for Plaintiff and not to contact him for any job-related work. *Id,* at 12.

In addition to the above, Plaintiff alleges that Defendants also refused to provide him with proper credit and or contributions to his county retirement account while he was on active duty. *Id.*

Plaintiff alleges that on or about May 1, 2013 he filed a claim with the County. *Id.* Plaintiff asserts that on or about May 8, 2013, Defendants began to try to undermine his attempts to enforce his rights by stripping him of all his responsibilities and pay. *Id.,* at 13. Plaintiff contends that in retaliation for filing his tort claim with the County, Defendants contacted him on at least two occasions, the last being on May 20, 2013, and demanded that he participate in interviews to "accommodate" his Americans with Disabilities Act ("ADA") request. *Id.* Plaintiff denies that he is making, or has made an ADA claim or request. *Id.* Plaintiff asserts that he referred Defendants to his attorney. *Id.*

Plaintiff filed this action on May 22, 2013. Dkt. 1. Plaintiff claims that after he filed suit, Defendants informed him that he would be "denied his usual work responsibilities until he became medically cleared to do his DFM 1 and 2 investigation work" in retaliation for filing this suit. Dkt.11, at 14. Plaintiff asserts that Defendants took this action even though they acknowledged on May 1, 2013 he was well qualified for his work and he has not made an ADA claim. *Id.*

Dkt. 21, at 2-4.

In proposed Second Amended Complaint, Plaintiff alleges that his employment with Defendant Kitsap County ended in August of 2013. Dkt. 38-2. He also alleges that he made a public disclosure request, and that Defendants improperly withheld public records from him. *Id.*

This case is set to begin trial on August 18, 2014 and the discovery deadline in April 21, 2014. Dkt. 30.

**B. PENDING MOTION**

In Plaintiff's instant motion, Plaintiff seeks to amend his Amended Complaint to add federal claims for constructive discharge under USERRA and for violation of his First Amendment

1    rights pursuant to 42 U.S.C. § 1983.  Dkts. 38 and 38-2.  He further seeks to add state law claims

2    for violation of the Washington Law Against Discrimination, violation of Washington's Public

3    Records Act, and defamation.  *Id.*

4                                    **II.    DISCUSSION**

5        Fed. R. Civ. P. 15(a)(2), provides that, "a party may amend its pleading only with the

6    opposing party's written consent or the court's leave. The court should freely give leave when

7    justice so requires."  A motion to amend under Rule 15(a)(2), "generally shall be denied only

8    upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."

9    *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, (9th Cir. 2011).

10   Rule 15(a) is designed "to facilitate decision on the merits, rather than on the pleadings or

11   technicalities."  *Id.*

12        Plaintiff's motion to amend his Amended Complaint should be granted as to all claims

13   except his First Amendment claim.  Defendants have not shown that bad faith, undue delay or

14   prejudice should bar the proposed amendment.  This case is still relatively new.  Discovery does

15   not close until the 21st of April of next year.  Further, although some of Plaintiff's claims do not

16   appear to be very strong, it cannot now be said that amendment is futile as to the addition of his

17   proposed federal claim for constructive discharge under USERRA and for the proposed state law

18   claims for violation of the Washington Law Against Discrimination, violation of Washington's

19   Public Records Act, and defamation.

20        As to his proposed federal claim for violation of his First Amendment right to freedom of

21   speech that Plaintiff asserts pursuant to §1983, Plaintiff's motion to amend should be denied as

22   futile.  In regard to this claim, the proposed Second Amended Complaint alleges that:

23              Defendants violated Mr. Hanson's First Amendment Rights by retaliating
                against Mr. Hanson and denying Mr. Hanson advancement in employment.

24

> Mr. Hanson's complaint to the Employer Support to Guard and Reserve (ESGR) constituted speech related to the public concern of ensuring the County followed federal law, here USERRA. Mr. Hanson's subsequent speech regarding his military service in Iraq and characterization of his military specialty of "infantryman" also relate to the public concern of being able to voice ones [sic] experience during war and describe ones military specialty.

Dkt. 38-2.  These claims sound in USERRA.  USERRA is not a statute for which redress is available against individual defendants under § 1983.  *Morris-Hayes v. Board of Educ. of Chester Union Free School Dist.,* 423 F.3d 153, 159-161 (2nd Cir. 2005).  In *Morris-Hayes,* the Second Circuit examined whether § 1983 could be a vehicle through which USERRA rights could be asserted against individual defendants.  *Id.*  The Second Circuit noted that:

> [E]ven where it can be demonstrated that a particular federal statute establishes an individual right, there is only a rebuttable presumption that the right is enforceable under § 1983. Because [the] inquiry focuses on congressional intent, dismissal is proper if Congress "specifically foreclosed a remedy under § 1983." Congress may do so expressly, by forbidding recourse to § 1983 in the statute itself, or impliedly, by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983.

*Id.* (*quoting Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997) (*citations omitted*)).  The Second Circuit reviewed USERRA and found that "USERRA provides a comprehensive remedial scheme to ensure the employment and reemployment rights of those called upon to serve in the armed forces of the United States."  *Id.*  It concluded that the extensive enforcement scheme in USERRA would be "distorted by permitting enforcement by means of actions brought under Section 1983" and so Congress impliedly foreclosed recourse under § 1983 to vindicate USERRA rights.  *Id.*  Moreover, this is consistent with Ninth Circuit authority that there is no private right of action (either express or implied) against individuals under USERRA.  *Townsend v. University of Alaska,* 543 F.3d 478 (9th Cir. 2008).  A plaintiff should not be permitted to circumvent this rule by utilizing § 1983.  Although Plaintiff argues that his First Amendment

claims here are "pled separate and apart from his USERRA claims" and that he is using § 1983 to "enforce his First Amendment (not USERRA) rights," the allegations in his proposed Second Amended Complaint support his USERRA retaliation claims and make no other allegation.  His motion to amend to add this claim should be denied as futile.

### III.   ORDER

It is **ORDERED** that:

- Plaintiff's Motion to Amend the Complaint (Dkt. 38) **IS**
    - **DENIED** as to his proposed First Amendment claim, and
    - **GRANTED** as to his proposed remaining claims.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of November, 2013.

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO AMEND
COMPLAINT- 6