UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG D. HANSON,<br><br>    Plaintiff,<br><br> v.<br><br>COUNTY OF KITSAP, WASHINGTON, DAVID LYNAM, KITSAP COUNTY FIRE MARSHAL, JOHN AND JANE DOE, EMPLOYEE-AGENTS AND FORMER EMPLOYEE AGENTS OF KITSAP COUNTY,<br><br>    Defendants. | CASE NO. 13-5388 RJB<br><br>ORDER ON KITSAP COUNTY'S MOTION FOR PROTECTIVE ORDER |

  This matter comes before the Court on the Kitsap County's Motion for Protective Order Regarding Plaintiffs' Notice of Deposition to Kitsap County.  Dkt. 52.  The Court has considered the pleadings filed regarding the motion and the remaining file.

  Plaintiff, a veteran of the United States Army, United States Marine Corps, and Washington Army National Guard, filed this employment case pursuant to Uniformed Services

Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301, *et seq*. and state law on May 22, 2013. Dkt. 1.

In the instant motion, Defendant Kitsap County moves for a protective order limiting the scope of discovery. Dkt. 52. For the reasons set forth below, the motion should be granted, in part, and denied, in part.

## I. FACTS

**A. ALLEGATIONS IN THE AMENDED COMPLAINT**

The following summary of the allegations in the Amended Complaint is taken from the Court's earlier Order Denying Plaintiff's Motion for Protective Order and is provided for background:

> In his Amended Complaint, Plaintiff alleges that he has worked for Defendants from March of 2007 to the present. Dkt. 11, at 3. Plaintiff is a Deputy Fire Marshal 1 ("DFM 1"). *Id.* Plaintiff asserts that as early as June of 2007, he began to conduct, but not get paid for, duties associated with a Deputy Fire Marshal 2 ("DFM 2") position. *Id.,* at 4. In August of 2009, Plaintiff received notice that he was being called for active duty military service, and began that service in November of 2009. *Id.*, at 6.
> Plaintiff returned to work for Defendant Kitsap County in December of 2012. *Id.,* at 7. The Amended Complaint alleges that soon after his return to work, Defendants did not allow him to resume his DFM 2 duties, did not give him the proper tools for his job, did not allow him to attend training, and reduced his hours. *Id.* Plaintiff alleges he informed Defendants that these actions were exacerbating his Post Traumatic Stress Syndrome ("PTSD"). *Id.,* at 8. He asserts Defendants took no action. *Id.*
> Plaintiff then contacted an ombudsman with the federal Employer Support for Guard and Reserve, who then tried to contact Defendants. *Id.,* at 8-9. Plaintiff alleges that the Defendants did not respond, and Defendant Lynam (Plaintiff's supervisor) characterized the complaint as "offensive." *Id.* Plaintiff alleges that Defendants then assigned him a lower status radio call sign and took necessary equipment and tools away from him. *Id.* Plaintiff asserts that Defendant Lynam allowed co-workers to "single out and ostracize" him. *Id.*
> Plaintiff asserts that on April 9, 2013, the County required him to apply for a DFM 2 position. *Id.,* at 10. Plaintiff did not get the job. *Id.* On April 26, 2013, Plaintiff alleges that Defendants asked him to attend an annual performance evaluation, months earlier than he was scheduled to do. *Id.* Plaintiff alleges that during that interview, Defendants admitted that he was well qualified to do his

job, but that he did not get the DFM 2 job because of his attitude. *Id.* at 11-12. He was also informed that his hours were being cut. *Id*. He alleges further, that Defendants informed other County employees not to write any positive character references for Plaintiff and not to contact him for any job-related work. *Id,* at 12.

In addition to the above, Plaintiff alleges that Defendants also refused to provide him with proper credit and or contributions to his county retirement account while he was on active duty. *Id.*

Plaintiff alleges that on or about May 1, 2013 he filed a claim with the County. *Id.* Plaintiff asserts that on or about May 8, 2013, Defendants began to try to undermine his attempts to enforce his rights by stripping him of all his responsibilities and pay. *Id.,* at 13. Plaintiff contends that in retaliation for filing his tort claim with the County, Defendants contacted him on at least two occasions, the last being on May 20, 2013, and demanded that he participate in interviews to "accommodate" his Americans with Disabilities Act ("ADA") request. *Id.* Plaintiff denies that he is making, or has made an ADA claim or request. *Id.* Plaintiff asserts that he referred Defendants to his attorney. *Id.*

Plaintiff filed this action on May 22, 2013. Plaintiff claims that after he filed suit, Defendants informed him that he would be "denied his usual work responsibilities until he became medically cleared to do his DFM 1 and 2 investigation work" in retaliation for filing this suit. Dkt.11. Plaintiff asserts that Defendants took this action even though they acknowledged on May 1, 2013 he was well qualified for his work and he has not made an ADA claim. *Id.*

Dkt. 21, at 2-4. In Plaintiff's Second Amended Complaint, he alleges that his employment with Defendant Kitsap County ended in August of 2013. Dkt. 38-2. He also alleges that he made a public disclosure request, and that Defendants improperly withheld public records. *Id.*

This case is set to begin trial on August 18, 2014 and the discovery deadline is April 21, 2014. Dkt. 30.

On December 20, 2013, Plaintiff served Kitsap County with a Notice of Deposition pursuant to Fed. Rule Civ. P. 30(b)(6). Dkt. 53, at 34-40.

**B. PENDING MOTION**

In Kitsap County's instant motion, it seeks a protective order regarding the following subject matters identified as areas of inquiry in Plaintiff's December 20, 2013 Notice of Deposition:

1
- <u>Subject Matter No. 5</u>: The identity of the Kitsap County employee who made the decision not to allow the disclosure of privileged communications with an ESGR Ombudsman and the reason for his decision.

- <u>Subject Matter No. 7</u>: Information regarding the results of past investigations conducted by employment investigator Barbara Razey Simmons at the request of Kitsap County.

- <u>Subject Matter No. 15</u>: The facts upon which Kitsap County bases its affirmative defenses.

Dkt. 52.

Parties participated in a discovery conference and were unable to resolve the issues raised in this motion. Dkt. 52. Plaintiff responded and opposes the motion. Dkt. 54. Kitsap County, in its Reply, states that some of the subject matters that were the in the original motion, are now no longer in dispute. Dkt. 55. They are Subject Matter Nos.1, 2, 8, and 9. *Id.*

## II.     DISCUSSION

Under Fed. R. Civ. P. 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(c), "Protective Orders," provides as follows:

> **(1) In General.** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an

ORDER ON KITSAP COUNTY'S MOTION FOR
PROTECTIVE ORDER- 4

1   effort to resolve the dispute without court action. The court may, for good cause,
    issue an order to protect a party or person from annoyance, embarrassment,
2   oppression, or undue burden or expense, including one or more of the following:
    **(A)** forbidding the disclosure or discovery;
3   **(B)** specifying terms, including time and place, for the disclosure or
    discovery;
4   **(C)** prescribing a discovery method other than the one selected by the
    party seeking discovery;
5   **(D)** forbidding inquiry into certain matters, or limiting the scope of
    disclosure or discovery to certain matters;
6   **(E)** designating the persons who may be present while the discovery is
    conducted;
7   **(F)** requiring that a deposition be sealed and opened only on court order;
    **(G)** requiring that a trade secret or other confidential research,
8   development, or commercial information not be revealed or be revealed
    only in a specified way; and
9   **(H)** requiring that the parties simultaneously file specified documents or
    information in sealed envelopes, to be opened as the court directs.

The first subject matter for which Kitsap County seeks a protective order is Plaintiff's Notice of Deposition Subject Matter No. 5. Dkt. 52. It provides:

> In the January 2013 timeframe Employer Support for Guard and Reserve (ESGR) ombudsman Gordon Jacobson contacted Dave Lynam about a military discrimination complaint that Mr. Hanson filed, with the ESGR, against Kitsap County and Dave Lynam. Craig Hanson wants his lawyers to interview Mr. Jacobson about Mr. Jacobson's communication with Dave Lynam and other agents of Kitsap County. ESGR policy requires that the employee (here Craig Hanson) and the employer (here Kitsap County and Dave Lynam) jointly agree to such an interview. Mr. Hanson has agreed, in writing, to such an interview. Kitsap County and Dave Lynam have refused to agree to the interview. This topic seeks the identity of the Kitsap County employee and/or agent who made the decision to refuse to go forward with the ESGR interview and the reasons for refusing to consent to the interview.

Dkt. 53, at 37.

Kitsap County's motion for a protective order as to Subject Matter No. 5 (Dkt. 52) should be granted. Kitsap County has shown good cause for the protective order. Kitsap County points out that the ESGR dispute resolution proceedings between parties of a USERRA dispute are governed by the Administrative Dispute Resolution Act, 5 U.S.C. §§ 571-584. Dkt. 52. Under

ORDER ON KITSAP COUNTY'S MOTION FOR
PROTECTIVE ORDER- 5

this act, "[a] party to a dispute resolution proceeding shall not voluntarily disclose or through discovery or compulsory process be required to disclose any dispute resolution communication." 5 U.S.C. § 574(b). Plaintiff does not dispute that the communications between Kitsap County and the ESGR ombudsman Gordon Jacobson are confidential. Dkt. 54. The identity of the Kitsap County employee who decided not to consent to the interview or their reasons behind that decision is not relevant or "reasonably calculated to lead to the discovery of admissible evidence." Plaintiff argues that because Kitsap County put on evidence in opposition to the summary judgment that ESGR views it as a veteran-friendly employer, he should be able to put on evidence that "calls defendants' ESGR arguments into question." Dkt. 55. Plaintiff's argument, that "[t]he identity of defendants' employee who made that decision [not waive confidentiality of the dispute resolution communications] is relevant as it allows the trier of fact to make inferences about the veracity and motivations of the defendants" (Dkt. 54) is unpersuasive and does not overcome the fact that he has not shown how the information he seeks relates to the underlying issues – whether Defendants violated USERRA or WLAD.

The next area of contention is Subject Matter No. 7, which provides:

> Individual with knowledge of (a) Kitsap County's relationship Razey Simmons, (b) the number of times Ms. Simmons has been hired by the County and the results of said investigations Ms. Simmons conducted, (c) the steps Kitsap County takes to ensure that its hiring of investigators complies with Washington law and regulations, and (d) the identity of the person who decided to retain Ms. Simmons to investigate Mr. Hanson's allegations against Kitsap County and the facts and circumstances that person considered in assigning Ms. Simmons to Mr. Hanson's case.

Dkt. 53, at 37.

Kitsap County's motion regarding Ms. Simmons'(Dkt. 52) should be denied. It has not shown good cause for a protective order. This is true particularly in light of the qualification Plaintiff makes in his response about this area of inquiry. Plaintiff states he is not seeking the

1  "underlying names of the parties to the allegations, the facts surrounding the allegations, or the

2  witnesses to the allegations." Dkt. 54.  He states that he seeks the number of times Ms. Simmons

3  has investigated for the county and the number of times she has found in its favor to show her

4  bias toward the county.  *Id.*  Although those issues appear of marginal relevance, Kitsap County

5  has not shown that it is entitled to a protective order regarding those issues.

6        The last area of inquiry raised in this motion is Subject Matter No. 15, which provides:

7  "[i]ndividual with knowledge of the facts upon which Kitsap County bases its affirmative

8  defenses." Dkt. 53, at 39.

9        Kitsap County's motion for a protective order as to Subject Matter No. 15 (Dkt. 52)

10  should be granted, in part.  Kitsap County has shown good cause for limiting inquiry into the

11  factual knowledge of the 30(b)(6) deponent and not requiring one individual to know all the

12  factual bases to support all Defendants' legal positions.  Plaintiff may inquire into facts, but

13  should be barred from requiring a non-attorney fact witness to justify and support legal defenses

14  because this would constitute a legal opinion.

15  ### III.  ORDER

16  It is **ORDERED** that:

17-18  - Kitsap County's Motion for Protective order Regarding Plaintiffs' Notice of Deposition to Kitsap County (Dkt. 52) **IS**

19    - **GRANTED** as to Subject Matter No. 5,

20    - **DENIED** as to Subject Matter No. 7, and

21-22    - **GRANTED, IN PART**, and **DENIED**, **IN PART**, as to Subject Matter No. 15 as stated above.

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2   to any party appearing *pro se* at said party's last known address.
3   Dated this 11th day of February, 2014.

                                    *[signature]*
                                    ROBERT J. BRYAN
                                    United States District Judge

ORDER ON KITSAP COUNTY'S MOTION FOR
PROTECTIVE ORDER- 8