1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG D. HANSON,<br><br>               Plaintiff,<br><br>    v.<br><br>COUNTY OF KITSAP, WASHINGTON, DAVID LYNAM, KITSAP COUNTY FIRE MARSHAL, JOHN AND JANE DOE, EMPLOYEE-AGENTS AND FORMER EMPLOYEE AGENTS OF KITSAP COUNTY,<br><br>               Defendants. | CASE NO. 13-5388 RJB<br><br>ORDER ON THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO CONTINUE |

This matter comes before the Court on the Defendants' Motion for Partial Summary Judgment Regarding Claims for Reemployment, Failure to Promote and Discrimination (Dkt. 77), Plaintiff's Motion to Continue Defendants' Motion for Partial Summary Judgment (Dkt. 89), and Plaintiff's Cross Motion for Partial Summary Judgment (Dkt. 97). The Court has considered the pleadings filed regarding the motions and the remaining file.

Plaintiff, a veteran of the United States Army, United States Marine Corps, and Washington Army National Guard, filed this employment case pursuant to Uniformed Services Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301, *et seq*. and state law on May 22, 2013. Dkt. 1. In his second Amended Complaint, Plaintiff makes USERRA based claims for discrimination in employment based on his military service under 38 U.S.C. § 4311, for retaliation under § 4311, failure to reemploy to the proper reemployment position under §§ 4312 and 4313; failure to provide proper benefits under § 4316; discharge without cause under § 4316; and for failure to properly pay employee pension and other benefits under §4318. Dkt. 45. Plaintiff also makes state law claims for violations of the Washington Law Against Discrimination ("WLAD"), Washington's Public Records Act, defamation and liquidated damages. *Id.* He seeks damages, attorneys' fees and costs. *Id.*

Defendants move for summary dismissal of Plaintiff's state and federal claims based on Plaintiff's allegations that: 1) Defendants failed to reemploy and promote Plaintiff, 2) Defendants denied Plaintiff the statutorily protected benefits of employment, 3) Defendants failed to pay Plaintiff's longevity bonus, 4) Defendants failed to contribute to Plaintiff's retirement plan, and 5) Defendants acted with discriminatory intent in failing to reemploy or promote Plaintiff. Dkt. 77.

On April 3, 2014, Plaintiff filed a motion to continue under Fed. R. Civ. P. 56(d)(2) to continue consideration of Defendants' partial motion for summary judgment until Defendants respond to his outstanding discovery which is not due until April 24, 2014. Dkt. 89. Defendants oppose this motion. Dkt. 94.

On April 14, 2014, Plaintiff filed a response to Defendants' partial motion for summary judgment and made a cross motion for summary judgment. Dkt. 97. Plaintiff argues that he

should be granted summary judgment on his claims that Defendants violated his USERRA rights by: 1) failing to properly reemploy him in violation of §§ 4312 and 4313, 2) failing to give him his 2012 longevity bonus in violation of §§ 4311 and 4316, 3) discharging him without cause violation of § 4316(c), 4) failing to properly contribute to his pension in violation of § 4318 and 5) repeatedly discriminating against him due to his military service. *Id*. Plaintiff argues that Defendants' motion for partial summary judgment should be denied as to whether Defendants acted with discriminatory intent in failing to reemploy or promote Plaintiff. *Id*.

Defendants filed a reply to their summary judgment motion and state that they will file a response to Plaintiffs' cross motion for summary judgment on May 5, 2014 in accordance with Western District of Washington R. Civ. P. 7(d)(3). Dkt. 105. Defendants further argue that their motion should be granted. *Id.*

Although it is not yet ripe, on April 10, 2014, Defendants filed a Motion for Partial Summary Judgment regarding Hostile Work Environment, Constructive Discharge and Retaliation. Dkt. 90. This motion is noted for consideration of May 2, 2014. *Id.*

This case is set to begin trial on August 18, 2014. Dkt. 30.

This opinion should first consider the Plaintiff's motion to continue and then the remaining motions.

**PLAINTIFFS' MOTION TO CONTINUE**

Under Fed. R. Civ. P. 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Plaintiff's motion to continue under rule 56(d)(2) (Dkt. 89) should be granted. Plaintiff has identified sufficient "specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum,* at 1100. Defendants' Motion for Partial Summary Judgment Regarding Claims for Reemployment, Failure to Promote and Discrimination (Dkt. 77) should be continued and renoted for May 9, 2014. Although parties have filed a response and reply to this motion, parties may file supplemental briefing, if they feel it is necessary, of two pages or less on or before May 9, 2014.

**REMAINING MOTIONS**

Moreover, Plaintiff's Cross Motion for Partial Summary Judgment (Dkt. 97) and Defendants' Motion for Partial Summary Judgment regarding Hostile Work Environment, Constructive Discharge and Retaliation (Dkt. 90) are related to Defendants' Motion for Partial Summary Judgment Regarding Claims for Reemployment, Failure to Promote and Discrimination (Dkt. 77). Each of these motions should be renoted to be considered on May 9, 2014. Responses and replies should be filed in accord with the federal and local rules.

Parties are strongly encouraged to limit their briefing to only necessary issues. Briefing filed to date has been somewhat repetitive.

**ORDER**

It is **ORDERED** that:

- Plaintiff's Motion to Continue Defendants' Motion for Partial Summary Judgment (Dkt. 89) **IS GRANTED;**

- Defendants' Motion for Partial Summary Judgment Regarding Claims for Reemployment, Failure to Promote and Discrimination (Dkt. 77) **IS RENOTED TO MAY 9, 2014**;
    - Parties may file supplemental briefing to this motion, if they feel it is necessary, of two pages or less on or before May 9, 2014;
- Plaintiff's Cross Motion for Partial Summary Judgment (Dkt. 97) **IS RENOTED TO MAY 9, 2014;** and
- Defendants' Motion for Partial Summary Judgment regarding Hostile Work Environment, Constructive Discharge and Retaliation (Dkt. 90) **IS RENOTED TO MAY 9, 2014**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of April, 2014.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge