UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG D. HANSON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF KITSAP, WASHINGTON, DAVID LYNAM, KITSAP COUNTY FIRE MARSHAL, JOHN AND JANE DOE, EMPLOYEE-AGENTS AND FORMER EMPLOYEE AGENTS OF KITSAP COUNTY,<br><br>　　　　　　　Defendants. | CASE NO. 13-5388 RJB<br><br>ORDER ON THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR RECONSIDERATION |

　　　This matter comes before the Court on the Plaintiff's Motion and Memorandum for Partial Summary Judgment Regarding Public Records Act and Defamation (Dkt. 126), Defendants' Cross Motion for Partial Summary Judgment Regarding Claims for Public Records Act and Defamation (Dkt. 137) and Defendants' Motion for Reconsideration (Dkt. 139).  The Court has considered the pleadings filed regarding the motions and the remaining file.

ORDER ON THE PARTIES'  MOTIONS FOR
PARTIAL SUMMARY JUDGMENT AND
DEFENDANTS' MOTION FOR
RECONSIDERATION- 1

1          Plaintiff, a veteran of the United States Army, United States Marine Corps, and

2   Washington Army National Guard, filed this employment case pursuant to Uniformed Services

3   Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301, *et seq*. and state

4   law on May 22, 2013.  Dkt. 1.  In his second Amended Complaint, Plaintiff made USERRA

5   based claims for discrimination in employment based on his military service under 38 U.S.C. §

6   4311, for retaliation under § 4311, failure to reemploy to the proper reemployment position

7   under §§ 4312 and 4313; failure to provide proper benefits under § 4316; discharge without

8   cause under § 4316; and for failure to properly pay employee pension and other benefits under

9   §4318.  Dkt. 45.  Plaintiff also made state law claims for violations of the Washington Law

10  Against Discrimination ("WLAD"), Washington's Public Records Act ("PRA"), defamation and

11  liquidated damages.  *Id.*  He seeks damages, attorneys' fees and costs.  *Id.*

12      The pending motions for partial summary judgment are two of the parties' many motions for

13  partial summary judgment.  Plaintiff's first partial motion for summary judgment was denied on

14  October 10, 2013.  Dkt. 37.

15      On May 22, 2014, the undersigned issued a 38 page Order, granting in part, and denying, in

16  part, the Defendants' two partial motions for summary judgment and Plaintiffs' two cross

17  motions for partial summary judgment.  Dkt. 136.  The facts and procedural history of this case

18  are contained in that Order (Dkt. 136, at 1-16), and are adopted here by reference.  That Order

19  granted Defendants' motion for summary dismissal of Plaintiff's USERRA claims under §§4312

20  and 4313 (reemployment) and § 4316 (benefits), and his claims for hostile work environment

21  and constructive discharge, and those claims were dismissed.  *Id.*  Plaintiff's motion for

22  summary judgment on his USERRA claim under § 4318 (pension) was granted.  *Id.*  Defendants'

23  motion for summary dismissal of Plaintiff's USERRA claim for § 4311 (discrimination) and

24  ORDER ON THE PARTIES' MOTIONS FOR
    PARTIAL SUMMARY JUDGMENT AND
    DEFENDANTS' MOTION FOR
    RECONSIDERATION- 2

1  claims under WLAD for discrimination was denied only to the extent that the claims were based

2  on the failure to promote him and his removal from the fire investigation rotation. *Id*.

3  Defendants' motion and Plaintiff's cross motion on the USERRA claim under § 4316 (without

4  cause discharge) were both denied. *Id*.

5     Plaintiff's claims for violation of the PRA and for defamation were not raised by the parties

6  in those motions.

7      On May 8, 2014, Plaintiff filed the instant motion for summary judgment on his PRA and

8  defamation claims. Dkt. 126. Plaintiff noted the motion for May 30, 2014. *Id.* Defendants

9  timely responded and within the response, filed a cross motion for partial summary judgment on

10  the same claims. Dkt. 137. In a footnote, Defendants further request that the May 20, 2014

11  dispositive motions deadline be extended to allow for this cross motion. *Id.*, at 1, n.1. Plaintiff

12  opposes the extension of time. Dkt. 141.

13      On May 29, 2014, Defendants filed their Motion for Reconsideration. Dkt. 139.

14  Defendants seek reconsideration of the Court's decision to deny summary judgment on

15  Plaintiff's § 4311 (discrimination) and WLAD retaliation claims on the basis that temporal

16  proximity alone is insufficient to establish retaliatory motive. Dkt. 139.

17      The case is set for on August 18, 2014. Dkt. 30.

18      This opinion will first consider Defendants' motion for extension of time (Dkt. 137), then

19  the noting dates for the motions for partial summary judgment, and lastly, the Defendants'

20  motion for reconsideration.

21                          **MOTION FOR EXTENSION OF TIME**

22      Pursuant to Fed. R. Civ. P. 16(4), a case schedule may be modified for good cause.

23

24  ORDER ON THE PARTIES' MOTIONS FOR
PARTIAL SUMMARY JUDGMENT AND
DEFENDANTS' MOTION FOR
RECONSIDERATION- 3

1    Defendants' motion for a modification of the case schedule to extend the dispositive

2 motions deadline for one week should be granted. Defendants have shown good cause and their

3 motion should be permitted.

4 **NOTING DATE FOR THE MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

5    The pending cross motions for partial summary judgment address the same claims. They

6 should be considered together. The Plaintiff's Motion and Memorandum for Partial Summary

7 Judgment Regarding Public Records Act and Defamation (Dkt. 126) and Defendants' Cross

8 Motion for Partial Summary Judgment Regarding Claims for Public Records Act and

9 Defamation (Dkt. 137) should be renoted for June 20, 2014. The response and reply, if any,

10 should be filed in accord with the federal and local rules.

11    Motions practice in this relatively simple case has been extensive. Parties have over-

12 briefed many of the issues. The undersigned is familiar with the entire record and does not need

13 yet another rehashing of events. Be concise.

14 **MOTION FOR RECONSIDERATION**

15    Local Rule 7(h)(1) provides that motions for reconsideration are "disfavored, and will

16 ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or

17 legal authority which could not have been brought to the attention of the court earlier, through

18 reasonable diligence."

19    As stated in the May 22, 2014 Order, in deciding whether the employee's military service

20 was "a motivating factor" in the employer's action, the burden-of-proof allocations approved by

21 the Supreme Court in *NLRB v. Transportation Management Corp.*, 462 U.S. 393, 401 (1983) are

22 used. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 899 (9th Cir. 2002).

23    Under the scheme set forth in *Transportation Management*, the employee first has
     the burden of showing, by a preponderance of the evidence, that his or her

24
ORDER ON THE PARTIES' MOTIONS FOR
PARTIAL SUMMARY JUDGMENT AND
DEFENDANTS' MOTION FOR
RECONSIDERATION- 4

protected status was a substantial or motivating factor in the adverse employment action; the employer may then avoid liability only by showing, as an affirmative defense, that the employer would have taken the same action without regard to the employee's protected status.

*Id.* (*internal quotation omitted*). Insofar as the "substantial or motivating factor" is concerned in the Ninth Circuit:

> Under USERRA, discriminatory motivation of the employer may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Leisek*, at 900 (internal quotations omitted).

Defendants' motion for reconsideration of the Court's decision to deny summary judgment on Plaintiff's § 4311 (discrimination) and WLAD retaliation claims on the basis that temporal proximity alone is insufficient to establish retaliatory motive (Dkt. 139) should be denied. Defendants have failed to point to a "manifest error in the ruling" or "facts or legal authority which could not have been brought to the attention of the court earlier." Defendants point to unpublished cases that held, in the circumstances there, that the time between the adverse employment action and the protected activity (or return from military service) was insufficient to show a discriminatory motive and so the claims were dismissed. Dkt. 139. Considering the facts at issue, the Court cannot do so here. The reasoning in the May 22, 2014 Order (Dkt. 136) is adopted. Moreover, despite Defendants urging to the contrary, in *Leisek,* the Ninth Circuit held that "discriminatory motivation of the employer may be reasonably inferred from a variety of factors including proximity in time between the employee's military activity and the adverse employment action." Defendants' motion for summary judgment should not be granted.

ORDER ON THE PARTIES' MOTIONS FOR
PARTIAL SUMMARY JUDGMENT AND
DEFENDANTS' MOTION FOR
RECONSIDERATION- 5

**ORDER**

It is **ORDERED** that:

- Defendants' motion for extension of time (Dkt. 137) **IS GRANTED;**

- Plaintiff's Motion and Memorandum for Partial Summary Judgment Regarding Public Records Act and Defamation (Dkt. 126) **IS RENOTED TO JUNE 20, 2014**;

- Defendants' Cross Motion for Partial Summary Judgment Regarding Claims for Public Records Act and Defamation (Dkt. 137) **IS RENOTED TO JUNE 20, 2014;** and

- Defendants' Motion for Reconsideration (Dkt. 139) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of June, 2014.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge