UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRAIG D. HANSON,

               Plaintiff,

-vs-

COUNTY OF KITSAP, WASHINGTON; and
DAVID LYNAM, KITSAP COUNTY FIRE
MARSHAL; and, JOHN AND JANE DOE,
EMPLOYEE-AGENTS AND FORMER
EMPLOYEE-AGENTS OF KITSAP COUNTY

               Defendants.

NO. 3:13-cv-05388-RJB

DEFENDANTS' MOTIONS IN LIMINE

Noted for consideration: 8/1/2014

Defendants Kitsap County and David Lynam, respectfully request that the Court enter an

Order in Limine prohibiting Plaintiff from commenting, referencing, alluding to, or presenting

certain evidence and/or testimony during trial or communicating to the jury in any way regarding

the matters referenced herein.

## I.     LCR 16(d)(4) CERTIFICATION

Counsel for both parties participated in a telephone conference on July 16, 2014 in a good

faith attempt to resolve the evidentiary matters in dispute. Declaration of Christy Palmer ¶2.

Identified below as "stipulated" motions are those motions in limine that both parties agreed upon.

///

RUSSELL D. HAUGE
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

## II.   STIPULATED MOTIONS IN LIMINE

Plaintiff and Defendant agree to the following:

### A.   Settlement Negotiations or Offers to Compromise.

The Court should exclude any and all testimony or evidence regarding settlement negotiations or offers to compromise between the parties as well as evidence of conduct or statements made in settlement negotiations which are not otherwise admissible.  Pursuant to Fed. R. Evid. 408, evidence of offering or accepting consideration in an attempt to compromise a claim is not admissible to prove liability or the invalidity of a claim or its value.  Accordingly, evidence or testimony regarding any discussions, or statements made during discussions, of any party in an attempt to negotiate a settlement of the existing or resolved/dismissed claims should be precluded from evidence at trial.

### B.   Other Claims or Lawsuits Brought Against Defendant.

The Court should exclude any and all evidence or testimony regarding other claims or lawsuits made or filed against Defendants.  Pursuant to Fed. R. Evid. 402, irrelevant evidence is not admissible.  Evidence is irrelevant when it has no tendency to make a fact regarding the present lawsuit more or less probable.  Fed. R. Evid. 401.  Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay or wasting time.  Fed. R. Evid. 403.  Furthermore, evidence of other wrongs or past acts is not admissible to show that a party acted similarly on a particular occasion.  Fed. R. Evid. 404(b).

Evidence and testimony regarding other past or concurrent lawsuits involving Defendants will offer no probative value to a determination of liability or damages with respect to Plaintiff's own claims of retaliation.  The fact that Defendants have been sued in the past or involved in other

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

lawsuits does not tend to prove that Defendants are liable in this matter.  Such evidence is highly prejudicial in that it will improperly influence the jury to rule against Defendants on a basis other than the facts material to Plaintiff's claims.

### C.     Evidence Not Timely Disclosed Or Produced.

The Court should exclude any and all evidence and testimony which was not timely disclosed or produced by Plaintiff.  The purpose of pre-trial discovery rules is to narrow and clarify the basic issues between the parties and to disclose facts or the whereabouts of facts relative to those issues such that parties can proceed to trial with the fullest possible knowledge of the facts. *Hickman v. Taylor*, 329 U.S. 495, 500-501, 67 S.Ct. 385 (1947).  The deadline for conducting discovery in this matter was April 21, 2014, (Dkt. 30), with an extension of May 31, 2014 for the limited purpose of allowing Defendants to conduct a medical examination of Plaintiff and disclose expert testimony.  Dkt. 87.

During the pre-trial phase, parties engaged in extensive discovery efforts, including the exchanged of written interrogatories and requests for production as well as conducting depositions of witnesses.  Declaration of Christy Palmer, ¶3.  To the extent that a party did not fully respond or failed to disclose any facts or evidence responsive to discovery requests, that party should be prohibited from presenting such evidence or testimony at trial.  Exclusion of such evidence and testimony will avoid undue prejudice and prevent trial by ambush.

### D.     Lay Witness Testimony Not Based Upon Personal Knowledge.

The Court should exclude any and all testimony from lay witnesses not based upon personal or first-hand knowledge.  A witness may only testify to a matter with which he or she has personal knowledge.  Fed. R. Evid. 602.  A lay witness may only testify in the form of an opinion that is rationally based on the witness' perception.  Fed. R. Evid. 701(a).  Furthermore, witnesses

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

are prohibited from recounting statements made out of court by other individuals to the extent the statements are offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801, 802. If a genuine question arises as to whether a hearsay exception or exemption applies, the Court should carefully evaluate such exemptions or exemptions on a case-by-case basis.

**E.** **Classifying Acts As Retaliatory.**

The Court should prohibit lay witnesses from referring to, opining, or classifying Defendants' conduct as retaliatory. Pursuant to Fed. R. Evid. 701, lay witness testimony in the form of an opinion is limited to an opinion that is rationally based on a witness' perception, helpful to understanding the witness' testimony or in determining a fact at issue, and not based upon specialized knowledge. In this case, whether Defendants' conduct was retaliatory is the primary legal issue to be decided by the jury. A lay witness without specialized knowledge of USERRA, WLAD, retaliation, or of administrative or management functions is not qualified to offer an opinion as to whether or not Defendants conduct is retaliatory. Furthermore, because this issue is the very issue to be decided by the jury, baseless and unqualified lay witness testimony classifying or branding Defendants' conduct as retaliatory would be prejudicial and will not assist the jury in making a proper liability determination and should be excluded. Fed. R. Evid. 401, 403.

**F.** **Expert Witnesses Not Timely Disclosed.**

The Court should exclude Plaintiff from presenting any evidence and/or testimony from expert witnesses that were not disclosed by the expert witness disclosure deadline. The deadline for the disclosure of expert witness testimony was April 9, 2014. Dkt. 30. This deadline was extended to May 31, 2014 only for the limited purpose of allowing Defendants to conduct a medical examination of Plaintiff and disclose expert testimony regarding the same. Dkt. 61, 72, 87. By April 9, 2014, Plaintiff had only disclosed one expert, Dwayne Normandeau, CPA.

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

Plaintiff has not presented any expert report nor disclosed a detailed summary of the opinions of any other expert witness. To prevent unfair prejudice and surprise, Plaintiff should be prohibited from presenting the testimony or expert opinion of any expert witness other than Mr. Normandeau.

### G.    Reference to Motions In Limine.

The Court should exclude any and all mention or reference to the fact that these motions in limine were made prior to trial. Such a reference would be highly prejudicial and would improperly suggest to the jury that a party is attempting to conceal material evidence.

### H.    Liability Insurance.

The Court should exclude all evidence or testimony regarding insurance. Pursuant to Fed. R. Evid. 411, evidence that a person was or was not insured against liability is not admissible to prove whether a person acted wrongfully. The Court should not permit Plaintiff to introduce evidence regarding whether or not Defendants were insured because doing so may encourage the jury to award damages based upon ability to pay rather than actual damages and may improperly suggest that the Defendants acted wrongfully.

### I.    Exclusion of Andrew Saxton, M.D. As A Witness.

This Court should exclude the lay and/or witness testimony of Andrew Saxton, M.D. During the July 16, 2014 conference, Plaintiff's counsel agreed not to call Dr. Saxton as a witness. Declaration of Christy Palmer ¶4. For the reasons outlined below, Defendants seek an order excluding his testimony from trial.

After the April 9, 2014 deadline to disclose expert witness had passed, Plaintiff served supplemental initial disclosures identifying for the first time Andrew Saxton, M.D. as an expert witness. Dkt. 69, pg. 4-6. This Court ruled that the limited extension of the expert witness disclosure deadline did not apply to Plaintiff. Dkt. 72. Plaintiff did not express any further

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

indication that he intended to call Andrew Saxton, M.D. as a witness at trial. Declaration of Christy Palmer, ¶4. Plaintiff has not provided an expert witness report from Dr. Saxton nor has Plaintiff presented a detailed summary of Dr. Saxton's opinions or testimony. Id. Plaintiff never classified Dr. Saxton as a lay witness. Id. Dr. Saxton was never listed or identified as one of Plaintiff's treating providers and Plaintiff never authorized the release of medical records from Dr. Saxton. Id. To prevent unfair prejudice and avoid surprise at trial, Dr. Saxton should be prohibited from testifying as an expert and a lay witness in this matter.

### J. **Attorneys As Witnesses.**

The Court should prohibit Plaintiff from calling any defense attorneys as witnesses at trial, including but not limited to Jacquelyn Aufderheide. Following the July 16, 2014 conference, Plaintiff's counsel agreed not to call Jacquelyn Aufderheide as a witness. Declaration of Christy Palmer ¶5. For the reasons outlined below, Defendants seek an order excluding her testimony from trial.

The advocate-witness rule prohibits an attorney from appearing as a witness and an advocate in the same case. *U.S. v. Prantil*, 764 F.2d 548, 552-53, (9th Cir. 1985). This rule is critical to the basic foundations of our system of justice and serves several purposes. *Id.* at 553. One purpose of this rule is to prohibit the appearance of impropriety. *Id.* Another is to prevent prejudice of a jury which may be improperly swayed by the prestige and prominence of a government attorney. *Id.* This rule also prevents the confusion that may result from a jury having to "segregate the exhortations of the advocate from the testimonial accounts of the witness. *Id.* In addition, the testimony of the advocate attorney at trial results in a serious breach of professional etiquette. Washington Rule of Professional Conduct 1.6(a), 1.8(b), 3.7, and comments thereto.

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

Such testimony may also be improper because it places the confidential communication between an attorney and a client in jeopardy. RCW 5.60.060(2)(a)("[a]n attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment."). Furthermore, when a litigating attorney is called to take the stand, this compromises the privilege of that attorney's work product, strategy, and mental impression. Fed. R. Civ. P. 26(b)(3)(B)(the court must "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.")

In his initial disclosures, Plaintiff identifies Jacquelyn Aufderheide, one of Defendants' attorneys, as a witness for this case. Declaration of Christy Palmer ¶5. Ms. Aufderheide is a Chief Deputy Prosecuting Attorney employed by the Kitsap County Prosecuting Attorney. Id. Among other things, Ms. Aufderheide is responsible for offering employment-related legal advice to Kitsap County departments. Id. With respect to this case, Ms. Aufderheide's involvement has been limited solely to advising the Fire Marshal's Office, payroll department, and other departments regarding employment-related matters involving Plaintiff and his re-employment with Kitsap County. Id. Any personal knowledge of the facts of this matter by Ms. Aufderheide was obtained solely through her role as legal advisor. Id. Any and all communications between Ms. Aufderheide and Kitsap County employees constitutes attorney-client privilege. Any knowledge of material facts obtained through other means was obtained in anticipation of litigation and constitutes privileged attorney work product.

Because all information and knowledge of Ms. Aufderheide is privileged, she will not be able to offer testimony on any matter relevant to the issues proceeding to trial. With regard to the

RUSSELL D. HAUGE
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

specific facts at issue in this matter, Ms. Aufderheide has no knowledge which is unique or different from any other lay witness. Plaintiff's attempt to call Ms. Aufderheide as a witness at trial is merely an attempt to intimidate and harass Defendants. Ms. Aufderheide's testimony, and the testimony of all other defense counsel, should be excluded on the basis that it is irrelevant, improper, prejudicial, violates attorney-client confidences, and improperly jeopardizes privileged attorney work product.

## K.    Barbara Razey-Simmons Investigation And Report.

The parties agree that this Court should exclude all evidence and testimony regarding Barbara Razey-Simmons' investigation and September 27, 2013 report including the fact that she conducted an investigation, the substance of her report, and that she is not licensed. Barbara Razey-Simmons was retained by Kitsap County's HR division to conduct an internal personnel investigation regarding workplace complaints outlined in Plaintiff's May 1, 2013 Notice of Tort Claim. Dkt 17, ¶¶6. As part of her investigation, Ms. Razey-Simmons reviewed several documents, interviewed several Kitsap County employees and prepared a report regarding her findings which included a summary of witness interviews. Declaration of Christy Palmer ¶6. The only retaliation allegation that Ms. Razey-Simmon investigated was whether Defendants retaliated against Plaintiff by failing to provide him with equipment. Id.

Plaintiff repeatedly argued during summary judgment that Ms. Razey-Simmons is not a licensed investigator. Dkt. 97, pp. 5, lines 18-20, pp. 6, lines 1-2. However, Plaintiff provided no authority for his position that internal personnel investigations must be conducted by a licensed investigator. Id. Furthermore, the fact that Ms. Razey-Simmons is not licensed has no bearing on whether Defendants retaliated against Plaintiff.

Evidence and testimony regarding Ms. Razey-Simmons' investigation and report should be

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

excluded because such evidence will not provide the basis for any claim or defense presently before the Court, is wholly irrelevant, prejudicial, likely to confuse the issues, and based substantially on inadmissible hearsay. The fact that Ms. Razey-Simmons investigated allegations not at issue in the claims proceeding to trial and the substance and findings of her investigation offers no probative value to the issues presently before this Court—whether Defendants retaliated against Plaintiff in selecting Jackie Blackwood for the DFM 2 position instead of Plaintiff. Fed. R. Evid. 401, 402. Ms. Razey-Simmons' investigation does not touch on any facts that are material to these claims as her primary focus was workplace harassment and hostile work environment.

While offering no probative value, evidence regarding Ms. Razey-Simmons' investigation will likely confuse the jury by raising facts and allegations related to claims that the jury will not be asked to decide. Fed. R. Evid. 403. In addition, evidence regarding the investigation will be highly prejudicial because Plaintiff's unfounded allegations against Defendant may have the improper effect of portraying Defendants as habitual violators and unconcerned employers. Fed. R. Evid. 403. The jury's determination on the present issues is likely to be unfairly swayed by this inaccurate portrait of Defendants which is based solely on Plaintiff's subjective perspective. Testimony and evidence that Ms. Razey-Simmons is not licensed, even though the law does not require her to be, is likely to unfairly suggest to the jury that the Defendant acted improperly in its investigation, which has no bearing on any fact material to the present claims.

Finally, with respect to Ms. Razey-Simmons' report, this report is replete with inadmissible hearsay. Fed. R. Evid. 801, 802. The report itself is hearsay because it is an out-of-court statement of Ms. Razey Simmons. In addition, the investigation summarizes Ms. Razey-Simmons' interviews of several Kitsap County employees. The interview summaries are the substance of the report and constitute approximately 24 pages of the 33 page report. Declaration of Christy Palmer

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

¶7. In several instances, the report summarizes statements recounted to the interviewee by a third party. Id. In this respect, the report does not just contain hearsay, it contains hearsay-within-hearsay, as well as hearsay-within-hearsay-within-hearsay. The multiple levels of hearsay combined with the lack of any probative value and the prejudicial effect of the evidence warrants that the Court exclude from trial any and all evidence or testimony regarding Ms. Razey-Simmons' investigation and report.

**L.    Exclusion of Kimberly Green As A Witness.**

This Court should exclude the lay witness testimony of Kimberly Green. Plaintiff identified Ms. Green as a lay witness in his pretrial statement. Declaration of Christy Palmer ¶8. He disclosed that Ms. Green is anticipated to testify regarding her interactions with Plaintiff in 2012 and 2013. Id. Following the July 16, 2014 conference, Plaintiff's counsel agreed not to call Ms. Green as a witness. Declaration of Christy Palmer ¶8. For the reasons outlined below, Defendants seek an order excluding her testimony from trial.

During discovery, Ms. Green provided a declaration outlining her likely testimony at trial. Dkt. 101. In her declaration, Ms. Green talks about her interactions with Defendant over the several months prior to his resignation from Kitsap County. Id. Ms. Green's declaration also states that she recommended Plaintiff leave Kitsap County because of the harmful work environment. Id. Ms. Green makes several other statements regarding Plaintiff's alleged damages and Defendants' alleged conduct. Id.

According to the medical records provided by Ms. Green's office, she saw and treated Plaintiff only two times after his re-employment with Kitsap County. Declaration of Christy Palmer ¶8. She saw him once on December 7, 2012 and again on March 11, 2013. Id. Both of these visits took place prior to the alleged acts of retaliation. From her own records, it is clear that

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

Ms. Green lacks any personal knowledge regarding Plaintiff's claims and damages because she did not treat or see him after March 11, 2013. Accordingly, any allegations and statements of Ms. Green relevant to the remaining claims are based solely on hearsay and speculation. As Plaintiff's medical provider, Ms. Green also lacks personal knowledge regarding the conduct of the Defendant. Fed. R. Evid. 701(a) limits a lay witness' testimony to only those opinions rationally based on the witness' perception. Because Ms. Green's testimony is not based upon personal knowledge, Ms. Green is not a proper lay witness and should be excluded from testifying.

To the extent Ms. Green is permitted to testify, her testimony should be limited to her personal observations on or prior to March 11, 2013. Ms. Green should be prohibited from providing any testimony regarding facts of how the alleged retaliation impacted Plaintiff's psychological condition or his life in general. Furthermore, she should be prohibited from offering any testimony as to the conduct of the Defendants as her knowledge with respect to such conduct is based solely on inadmissible hearsay.

### M.   Collective Bargaining Agreement.

The parties agree that the Collective Bargaining Agreement ("CBA") between Kitsap County and Plaintiff's former union should be permitted as evidence at trial.

## III.   CONTESTED MOTIONS IN LIMINE

### N.   Available Witnesses Not Called To Testify.

The Court should prohibit any party from mentioning or referencing the fact that an available potential witness was not called to testify. Such a reference would be highly prejudicial and would improperly suggest to the jury that a party is attempting to conceal material evidence. During the July 16, 2014 telephone conference, Plaintiff's counsel disagreed with this motion to the extent it applied to Gordon Jacobson and indicated his intent to reference during trial the fact

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

that Mr. Jacobson was not called to testify and that Defendants declined to waive their confidentiality with respect to communications with Mr. Jacobson. Declaration of Christy Palmer ¶9.

Plaintiff should be prohibited from referencing the fact that any other witness, including Mr. Jacobson, is not being called to testify. Plaintiff should also be prohibited from referencing the fact that Defendants declined to waive confidentiality with respect to any witness, including Mr. Jacobson. Dispute resolution proceedings are confidential pursuant to 5 U.S.C. §574(b). This provision expressly provides that a party to a dispute resolution proceeding "shall not voluntarily disclose or through discovery or compulsory process be required to disclose any dispute resolution communication" absent written consent of all parties. Id. The fact that Defendants chose not to waive their statutory right to privilege should not be used against Defendants. Not only would this defeat the purpose of the statutory privilege, it would improperly infer that Defendants are concealing material evidence.

### O.     Attorney-Client Communication.

The Court should exclude all evidence and testimony regarding communications made between Defendant and Defendants' counsel, including the very fact that such communications took place at all. Any evidence or testimony regarding whether communication with counsel took place and/or the substance of those communications should be excluded from trial on the basis that they are protected by the attorney-client privilege set forth in RCW 5.60.060(2)(a).

During the July 16, 2014 telephone conference, Plaintiff's counsel disagreed with this motion in limine to the extent it applies to medical records, specifically the medical records of Jody Stewart, MA, LMHC. Declaration of Christy Palmer ¶10. Plaintiff's counsel objected to the use of Ms. Stewarts' medical records as exhibits on the basis that some records contain references

DEFENDANTS' MOTIONS IN LIMINE – PAGE 12
3:13-CV-05388-RJB

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

which constitute attorney-client privilege. Id. Defendants have reviewed the medical records and could find no attorney-client privileged information. Id. The medical records do make limited references to communication between Plaintiff's counsel and his medical providers. Id. This does not constitute attorney-client privilege because it is not a communication between Plaintiff and his attorney. According to RCW 5.60.060(2)(a), the privilege applies only to communication "made by the client to [the attorney] or [the attorney's] advice given thereon."

The medical records also contain limited references of a harmless and non-sensitive nature made by Plaintiff to his medical providers regarding the retention of an attorney, the status of his lawsuit, and requests for declarations. Id. To the extent Plaintiff discussed his lawsuit with medical providers, he waived any privilege that may have applied. *Morgan v. City of Federal Way*, 166 Wn.2d 747, 757, 213 P.3d 596 (2009)(disclosure to third party results in waiver of attorney-client privilege).

If this Court disagrees and determines that such references constitute attorney-client privilege, these references can be redacted without having to exclude the entirety of Plaintiff's medical records. Plaintiff is claiming psychological damages. His medical records are critical to establishing and defending his damages claims and should not be excluded in their entirety just because there are a few non-sensitive and non-confidential references to Plaintiff's counsel.

P.     **Dismissed And Resolved Claims And Allegations Relevant Thereto.**

The Court should exclude any and all testimony and evidence related to claims that have already been dismissed or resolved prior to trial and all allegations and facts related to the same. Critically, the parties disagree as to which claims have been dismissed/resolved and which claims are remaining and seek the Court's guidance on this issue. It is Defendants understanding that on summary judgment, the Court dismissed all claims involving hostile work environment,

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

constructive discharge, failure to re-employ, failure to provide equipment and training, violations of the ADA, discrimination on the basis of Plaintiff's veteran status, defamation, and violations of the public records act. Dkt. 136. In addition, Plaintiff's claims regarding his longevity bonus have also been resolved as Defendants have issued payment to Plaintiff, with interest, for his 2012 longevity bonus on March 28, 2014. Dkt. 84; Dkt 119. Similarly, Defendants issued payment to Plaintiff for additional retirement contributions in an amount calculated by the Department of Retirement Services. Id. This amount exceeds the amount determined to be owed by Plaintiff's own expert witness and also includes an additional amount for prejudgment interest. Id.

Allegations involving the dismissed and resolved claims should be excluded because they are irrelevant, highly prejudicial, will likely confuse the jury, and result in a waste of judicial resources. Pursuant to Fed. R. Evid. 402, irrelevant evidence is not admissible. Evidence is irrelevant when it has no tendency to make a fact regarding the present lawsuit more or less probable. Fed. R. Evid. 401. Here, evidence of allegations involving unrelated dismissed and resolved claims have no tendency to prove or disprove any element or fact that is material to the limited issues proceeding to trial: whether Defendants retaliated against Plaintiff. Evidence relevant to the remaining claims is limited solely to Defendants' motive in selecting Jackie Blackwood, not Plaintiff, for the DFM 2 position. Allegations of other instances of wrongdoing will have no bearing on this discrete issue.

Furthermore, even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay, or wasting time. Fed. R. Evid. 403. In the context of Rule 403, undue prejudice means a tendency to influence the jury to come to a certain conclusion on an improper basis. *Arizona, Dept. of Law, Civil Rights Div. v. ASARCO, L.L.C.*, 844 F.Supp.2d 957, 962 (2011). Most commonly, the improper basis is an

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

emotional reaction or some other non-rational response which tends to adversely affect the jury's attitude towards a party. *Id.*; *U.S. v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1982), *modified on unrelated grounds by U.S. v. Miller*, 874 F.2d 1255 (9th Cir. 1989). Evidence is prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action." *U.S. v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995) *citing* 1 *Weinstein's Evidence* § 403[3], pp. 43–44.

In this case, allegations of unrelated resolved claims (most of which have been determined to be unfounded), are highly prejudicial in that they are likely to unfairly sway the jury in ruling against the Defendants for reasons other than facts material to the remaining claims. Even though these claims have been resolved or determined to be unfounded, the jury may be swayed to respond emotionally to Plaintiff's allegations by feeling sympathy towards Plaintiff or anger or horror towards Defendants. These feelings may influence the jury's determination of liability with respect to the unrelated claims of retaliation. Furthermore, because the unrelated allegations will offer nothing to assist the jury in making a determination as to the claims at issue, their admission as evidence during trial will also waste judicial time and resources and confuse the jury regarding the actual issues in dispute.

For all the reasons set forth above, the Court should exclude all evidence and testimony of allegation related to the resolved and dismissed claims including, but not limited to, the following:

- Any allegations that Plaintiff's coworkers were hostile, unfriendly, or exclusive;

- Any allegation that Defendants discriminated against Plaintiff on the basis of his status as a veteran;

- Any allegations that Defendants or Plaintiff's managers /supervisors failed to provide him with equipment and training such as a computer, badge, ID card, phone case, vehicle, call sign, boots, Fire Marshal badge, out-of-state training, fire investigation training, or shirt (however, Plaintiff may testify regarding the substance of his ESGR complaint);

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

- Any allegation that supervisors or managers did not respond to complaints related to coworkers, requests for equipment and training, and/or requests to hold a meeting to discuss the way coworkers were treating Plaintiff;

- Any allegation that extra-help employees were improperly retained upon Plaintiff's return;

- Any reference to the length of time that extra-help employees were retained following Plaintiff's return;

- Any reference to Kitsap County's Extra Help policy;

- Any reference to Plaintiff being labeled a "DFM 2" in the Kitsap County organization chart or in any letter from Defendants addressed to Plaintiff;

- Any reference or mention of Plaintiff's emails to Mr. Lynam complaining of harassing behavior by coworkers or being ostracized/ignored and complaining of not having been provided with equipment or training;

- Any allegation that Plaintiff's old badge and call sign were given to other employees;

- Any reference that Defendants did not promote Plaintiff to a DFM 2 position in 2007 or that Plaintiff applied for this position;

- Any reference or allegation that Defendants did not allow Plaintiff to interview for a DFM 2 position in 2007;

- Any allegation that Defendants failed to put Plaintiff on the fire investigation rotation immediately upon his return;

- Any allegation that Plaintiff would have been promoted to a DFM 2 position had he not gone on military leave;

- Any allegation that the qualifications for a DFM 1 or DFM 2 position were lowered for Jackie Blackwood;

- Any allegation that Jackie Backwood was not qualified for the DFM 1 or DFM 2 position;

- Any allegation that David Lynam instructed coworkers to "spy" on Plaintiff;

- Any allegation that David Lynam instructed or asked others not to write a positive recommendation for Plaintiff;

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

- Any allegation that David Lynam encouraged Plaintiff to apply for employment outside Kitsap County;

- Any allegation that Defendants failed to re-employ Plaintiff as DFM 2;

- Any allegation that Defendants retaliated against Plaintiff for his act of filing a Notice of Tort Claim or a Complaint for Damages;

- Any allegation that Defendants formally disciplined Plaintiff after his re-employment;

- Any allegation that Defendants did not allow Plaintiff to have access to coworker calendars;

- Any allegation that the May 1, 2013 meeting between Plaintiff and Defendants was improper, constituted harassment or discrimination, or was otherwise unlawful;

- Any allegation that Defendants failed to accommodate Plaintiff's PTSD or any other medical or psychological condition;

- Any allegation that Plaintiff was constructively discharged or that he felt compelled to resign due to Defendants' conduct;

- Any allegation that Defendants' conduct (other than the retaliation issues proceeding to trial) was the cause of an increase or exacerbation of Plaintiff's physical and psychological symptoms;

- Any allegation that Defendants failed to pay Plaintiff a longevity bonus; and

- Any allegation that Defendants failed to properly pay Plaintiff's retirement benefits/PERS contributions.

**Q.** **Statements Of ESGR Ombudsman Gordon Jacobson.**

The Court should exclude all evidence and testimony regarding statements made by Gordon Jacobson as well as all confidential communication and should also preclude Plaintiff from stating or inferring that Defendants refused to waive their privilege with respect to ESGR communication. In January 2013, Plaintiff complained to the ESGR regarding his reemployment with Kitsap County. The ESGR initiated informal dispute resolution proceedings between the parties. Communications regarding such proceedings is confidential pursuant to 5 U.S.C. §574(b).

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

This includes both verbal as well as written communication. 5 U.S.C. §571.

During discovery, Plaintiff attempted to obtain information regarding the identity of the Kitsap County agent who declined to waive confidentiality with respect to such communications. The Court issued an order protecting the discovery of this information. Dkt. 57, pp. 5. During summary judgment proceedings, Plaintiff offered hearsay statements attributed to ESGR Ombudsman Gordon Jacobson, including a statement that Defendants failed to respond or follow-up with Mr. Jacobson. Defendants anticipate that at trial Plaintiff will testify regarding this hearsay statement and will also attempt to refer to the fact that Defendants refused to waive their confidentiality with respect to the privileged ESGR communications.

Such evidence and testimony should be excluded for several reasons. First, dispute resolution communications between Kitsap County and ESGR are confidential. 5 U.S.C. §574(b). This provision expressly provides that a party to a dispute resolution proceeding "shall not voluntarily disclose or through discovery or compulsory process be required to disclose any dispute resolution communication" absent written consent of all parties. Id.

This evidence and testimony should also be excluded on the basis that it constitutes inadmissible hearsay. Plaintiff will likely attempt to testify regarding alleged statements that Kitsap County made to Mr. Jacobson, recounted by Mr. Jacobson to Plaintiff. Plaintiff has no first hand knowledge of these statements, which were made out-of-court. There is no way to judge the veracity of these statements or the fact that they even occurred at all.

Finally, in addition to being inadmissible hearsay as well as confidential communication, such evidence and testimony will prejudice plaintiff without offering any probative value. The intended affect of these unsubstantiated statements is to paint Defendants as a callous employer in such a way as to improperly influence the jury in ruling against Defendants, regardless of whether

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

the Defendants acted contrary to law. This statement offers no probative value because the issue before the Court is not whether Defendants properly addressed Plaintiff's ESGR complaint or whether Defendants properly participated in the dispute resolution proceedings that followed (if this were the case, Defendants would present evidence regarding these issues), but rather, whether they selected Jackie Blackwood for the DFM 2 position instead of Plaintiff because Plaintiff made the ESGR complaint. If Plaintiff were permitted to offer irrelevant evidence regarding issues that are not presently before the Court, Defendants would be compelled to introduce its own evidence to contradict Plaintiff's arguments. This would only result in unnecessary confusion, distract the jury from the actual claims at issue, and waste judicial resources.

### R.    Economic Damages.

The Court should prohibit Plaintiff from offering evidence or testimony regarding alleged economic damages for resolved and dismissed claims. Specifically, the economic damages testimony of Plaintiff and his expert witness, Dwayne Normandeau, CPA should be limited to damages incurred between the time of Defendants' alleged retaliation, which began in May 2013, to the time Plaintiff left Kitsap County in August 2013. In dismissing Plaintiff's constructive discharge claims, the Court has ruled that Defendants are not responsible for Plaintiff's decision to resign from the Fire Marshal's Office. Accordingly, any damages related to wages and benefits are cut-off at the point in which Plaintiff voluntarily left Kitsap County in August 2013.

The majority of federal circuits recognize a doctrine called the "constructive discharge rule." *Brown v. District of Columbia*, 768 F.Supp.2d 94, 104 (D.D.C. 2011). While Defendants could not find a case discussing this rule in the USERRA context, it is routinely applied in Title VII claims. *Id.* When considering USERRA claims, courts apply the framework for Title VII claims. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1267 n.7 (9th Cir. 1997).

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

Under the constructive discharge rule, a plaintiff may not be awarded damages incurred following the time of a voluntary resignation unless the plaintiff can establish a constructive discharge claim. *Id.*; *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 657-61 (7th Cir. 2005)(holding it was improper to award front and back pay on retaliation claim where plaintiff did not establish constructive discharge); *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 755 (3rd Cir. 1997)("Courts of appeals 'have been nearly unanimous in their application of the constructive discharge rule, whereby victorious Title VII plaintiffs who have left their employment with the defendant but who were not constructively discharged by the defendant are only entitled to a remedy covering the period during which the discrimination occurred up to the date of resignation.'"); *Muller v. U.S. Steel Corp.*, 509 F.2d 923, 930, (10th Cir. 1975).

Washington Courts, when asked to apply this doctrine under the WLAD to a disability discrimination claim, held that the constructive discharge rule applies only to cases involving promotion/demotion. *Martini v. Boeing Co.*, 88 Wn. App. 442, 462-63, 945 P.2d 248 (1997). The rationale behind applying this rule in promotion/demotion cases is to encourage employees to "remain to work with supervisors within the existing job setting and not quit at the first sign of discrimination." *Id.* at 463. The constructive discharge rule is also recognized by the Ninth Circuit Court. *Satterwhite v. Smith*, 744 F.2d 1380, 1381 n.1 (9th Cir. 1984).

Accordingly, Plaintiff and his expert witness should be prohibited from providing any evidence or testimony regarding work-life expectancy, front pay, and continuing lost wages and benefits.

Testimony and evidence regarding economic damages should further be limited to economic damages caused solely from the allegations of retaliation. Accordingly, Plaintiff and his

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

expert witness should be prohibited from providing any evidence or testimony regarding lost earnings related to the retention of extra-help employees and all other unrelated economic damages.

Because the Court has dismissed claims for constructive discharge and failure to re-employ, testimony other than damages incurred between the time of Defendants' alleged retaliation and the time Plaintiff left Kitsap County will offer no probative value with respect to the present claims and will only result in prejudice to the Defendants, confusion of the issues, and waste of time and judicial resources.  Fed. R. Evid. 403.

**S.**     **Noneconomic Damages.**

The Court should prohibit Plaintiff from offering evidence or testimony regarding alleged noneconomic damages for resolved and dismissed claims.  The *status* of Plaintiff's psychological condition prior to and following the alleged acts of retaliation may be relevant to determining the extent that Defendants' alleged conduct of retaliation impacted Plaintiff's condition and should be permitted.  However, Plaintiff should be prohibited from introducing evidence or testimony or making any comment, reference, or suggestion that any other conduct of the Defendant, including allegations related to Plaintiff's dismissed claims of harassment, status-based discrimination, hostile work environment, and failure to re-employ, had any impact on his psychological condition at any time during or after his employment with Kitsap County.  Plaintiff should be prohibited from introducing evidence or testimony that any conduct of the Defendant, aside from the remaining claims of retaliation, worsened his condition.

Such evidence is irrelevant to the issue of whether Plaintiff suffered economic damages as a result of retaliation.  Fed. R. Evid. 401.  Furthermore, because the Court has dismissed claims for constructive discharge, hostile work environment, and failure to re-employ, such testimony will

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

offer no probative value with respect to the remaining claims and will only result in prejudice to the Defendants, confusion of the issues, and waste of time and judicial resources. ER 403. If Plaintiff were permitted to offer evidence that unrelated lawful acts of the Defendants impacted his psychological condition, then the jury would be encouraged to rule in Plaintiff's favor on an improper basis, such as sympathy for Plaintiff or feelings of anger or retribution towards Defendants.

**T.  Disparate Treatment.**

This Court should exclude any and all evidence and testimony regarding how Kitsap County responded to Ms. Blackwood's formal written complaint against Plaintiff. In responding to Defendants' Motion to Bifurcation, Plaintiff suggested that he would present evidence at trial regarding how Kitsap County responded to Ms. Blackwood's written complaint to show disparate treatment and to establish Plaintiff's retaliation claim. Dkt. 152, pp. 3. This evidence should be excluded on the basis that it is irrelevant and prejudicial without offering any probative value.

Evidence of "disparate treatment" with regard to Ms. Blackwood has no tendency to make a fact regarding Plaintiff's retaliation claims more or less probable under Fed. R. Evid. 401(a). Retaliation under USERRA is established by showing that (1) Plaintiff engaged in a protected activity, (2) Defendants took an adverse employment action against Plaintiff, and (3) Plaintiff's protected activity was a motivating factor in the adverse employment action. 38 U.S.C. § 4311(b), (c)(2). The fact that Kitsap County did not retaliate against Ms. Blackwood will not establish that they did retaliate against Plaintiff. How Kitsap County responded to Ms. Blackwood's complaint, which was made on June 4, 2013, (Dkt. 92, ¶8), will not establish that Plaintiff's filing of an ESGR complaint was a motivating factor in Defendants' decision in April 2013 to promote Jackie Blackwood instead of Plaintiff or to remove him from the fire investigation rotation in May 2013.

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

Disparate treatment is simply not a factor in a retaliation claim. Rather, it is an entirely separate claim in and of itself. Disparate treatment is the very crux of a status-based discrimination claim. Plaintiff's status-based discrimination claims have been dismissed by the Court.

In addition to offering no probative value to Plaintiff's claims, this evidence will result in undue prejudice by having a tendency to influence the jury in ruling against Defendants based on an emotional reaction rather than based upon the relevant facts and legal standards. Furthermore, if Plaintiff presented evidence regarding disparate treatment, Defendants would have to introduce counter evidence and will have to cross-examine Plaintiff's witnesses regarding this issue in order to disprove Plaintiff's irrelevant allegations. This will not only confuse the jury but will distract the jury from the real claims at issue in this matter and waste judicial time and resources. Fed. R. Evid. 403.

U.    **Reasons for Leaving Kitsap County.**

This Court should exclude any and all evidence and testimony regarding the purported reasons for Plaintiff resigning from his position with Kitsap County. In responding to Defendants' Motion to Bifurcation, Plaintiff suggested that he would present evidence at trial regarding the reasons why he left his job with Kitsap County in August 2013. Dkt. 152, pp. 3-4. All such evidence and testimony should be excluded on the basis that it is irrelevant and prejudicial.

Evidence regarding why Plaintiff left Kitsap County in 2013 has no bearing on whether Defendants retaliated against him in April or May 2013. Fed. R. Evid. 401. Furthermore, the only reason to introduce such evidence would be to suggest or infer that Plaintiff left Kitsap County due to Defendants' conduct. This is improper because the Court has dismissed Plaintiff's constructive discharge claims and it would improperly suggest that the jury should rule against Defendants for

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

reasons unrelated to the present claims at issue. Fed. R. Evid. 403.

### V.  Medical Records From Ms. Green Not Provided to Defendants.

This Court should exclude evidence and testimony regarding records of Kimberly Green that were not provided to Defendants. During discovery, Defendants issued a subpoena to Kimberly Green requesting a copy of all of her records related to Plaintiff. Declaration of Christy Palmer ¶8. Ms. Green provided a number of records documenting Plaintiff's care with her. With respect to treatment after Plaintiff was re-employed with Kitsap County, Ms. Green provided only two records, one dated December 7, 2012 and another dated March 11, 2013. Id. The records provided by Ms. Green did not include a copy of her signed declaration. Id. Defendants suspected that there may be additional treatment records that were not provided but Ms. Green assured Defendants' counsel that she had provided all records in her possession related to Plaintiff. Id. To the extent that Ms. Green did not provide all records related to Plaintiff, Plaintiff should be prohibited from offering evidence or testimony regarding any such records or additional treatment sessions.

### W.  Organizational Chart.

The Court should exclude all evidence and testimony regarding a Kitsap County 2012 organizational chart which incorrectly identifies Plaintiff as a DFM 2. In Plaintiff's pretrial statement, he indicated that he anticipated introducing the 2012 organizational chart at trial. Declaration of Christy Palmer ¶11. This chart was the subject of summary judgment motions with respect to Plaintiff's re-employment claims. Defendants offered the Declaration of Larry Keeton explaining that the organizational chart incorrectly identified Plaintiff as a DFM 2 and that this mistake was merely the result of a typographical error. Dkt 108, 114. In fact, Plaintiff himself has admitted that he was a DFM 1. Dkt 25-1, pp. 2-9, Dkt. 106, pp. 9, 91:16-18.

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

During the July 16, 2014 telephone conference, Defendants offered to provide Plaintiff

with a correct version of the organizational chart for use as an exhibit. Declaration of Christy

Palmer ¶11. Plaintiff agreed to reconsider the issue of whether he will seek to admit the incorrect

2012 organizational chart. Id. However, this issue has not been fully resolved and therefore

Defendants seek a ruling excluding the incorrect 2012 chart from evidence.

Evidence or testimony regarding the incorrect 2012 organizational chart should be

excluded from trial for several reasons. First of all, it is irrelevant to Plaintiff's claims of

retaliation and instead relates purely to Plaintiff's dismissed failure to re-employ claims. Fed. R.

Evid. 401. This organizational chart has no bearing on any fact or issue in dispute. The only

reason for Plaintiff to introduce such evidence and testimony would be to prejudice Defendants by

highlighting an error that has no bearing on any relevant fact or to improperly suggest that

Defendants should have re-employed Plaintiff as a DFM 2, despite this Court's ruling to the

contrary. Fed. R. Evid. 403. Finally, introduction of this evidence will result in confusion and

waste of time. If Plaintiff introduces the organizational chart, Defendants will have to take the

time to have their witnesses explain the typographical error.

### X.  2007 Job Application Materials.

This Court should exclude any and all evidence or testimony regarding Plaintiff's 2007

application for a DFM 2 position with Kitsap County. As explained extensively in summary

judgment briefings, the Fire Marshal's Office attempted to hire a second DFM 2 in 2007. Dkt. 34,

¶10. Plaintiff applied to this position as well as a second individual. Id. However, due to budget

concerns, this position was never funded and Kitsap County never conducted interviews to fill this

position. Id. It is anticipated that Plaintiff will attempt to accuse Defendants of failing to promote

him to this DFM 2 position in 2007 and suggest that Defendants did not let him interview for this

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

position because of his military status, or for some other improper purpose. However, the Court has dismissed all of Plaintiffs' status-based discrimination, hostile work environment, constructive discharge, and failure to re-employ claims. Accordingly, any inference of impropriety on Defendants' part with respect to the 2007 application is irrelevant and highly prejudicial. Fed. R. Evid. 403. In fact, any reference to Plaintiff's 2007 DFM 2 application is irrelevant for any purpose as it has no bearing on any issue or fact relevant to Plaintiff's retaliation claims. Fed. R. Evid. 401.

Furthermore, this evidence should also be excluded to the extent Plaintiff intends to suggest or assert that he would have been a successful DFM 2 candidate in 2007. Such an assertion is highly speculative. There is no guarantee or any evidence to suggest that Plaintiff would have been promoted to this position.

### Y. **Extra Help Policy.**

This Court should exclude all evidence and testimony regarding Kitsap County's policy regarding extra help employees. Plaintiff identified Kitsap County's extra help policy as a trial exhibit in his pretrial statement. This policy governs Kitsap County's hiring and retention of extra help employees, employees who are hired for specific temporary projects or a limited duration. Declaration of Christy Palmer ¶12. However, this document is not relevant to the issue of whether Defendants retaliated against Plaintiff for filing an ESGR complaint. Fed. R. Evid. 401. Defendants anticipate that Plaintiff intends to use this document to argue or infer that Defendants improperly retained extra help employees following Plaintiff's re-employment with Kitsap County. This is improper because the Court has already dismissed all claims related to this allegation. The introduction of this evidence would merely result in prejudice by suggesting that the jury should determine issues of liability and damages based upon Plaintiff's unfounded speculation that

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

1  Defendants improperly retained extra help employees.  Fed. R. Evid. 403.

2  **Z.  <u>Reference Letters.</u>**

3  The Court should exclude all evidence and testimony regarding reference letters written on

4  Plaintiff's behalf.  In his pretrial statement, Plaintiff listed as trial exhibits reference letters written

5  on his behalf by James Read, Jody Matson, and Jeff Coombe. Declaration of Christy Palmer ¶13.

6  These letters were not submitted as part of his 2013 application for the DFM 2 position and were

7  written after the date of Plaintiff's interview and after the date of Ms. Blackwood's selection for

8  the position.  Id.  There is no evidence that these reference letters were provided to Defendant at

9  any time for consideration as part of Plaintiff's interview and application.  These reference letters

10 do not have any bearing on whether Defendants retaliated against Plaintiff.  They merely appear to

11 represent how other individuals not associated with Defendants felt about Plaintiff.  For these

12 reasons, the reference letters are irrelevant.  Fed. R. Evid. 401.

13 Reference letters are also inadmissible because they are hearsay pursuant to Fed. R. Evid.

14 801, 801.  The reference letters are not sworn statements.  They were not made under oath.  The

15 credibility of the individuals who wrote these letters cannot be judged by the jury.

16 Finally, these letters should be excluded because they are prejudicial.  Fed. R. Evid. 403.

17 In addition to offering no probative value to the issues at trial, these letters will improperly suggest

18 that the jury should determine issues of liability not based upon relevant facts but based upon

19 irrelevant opinions of individuals who are not witnesses and who were not involved in Plaintiff's

20 interview or application process.

21 **AA.  <u>City of Boise, Idaho's Policy Manual.</u>**

22 The Court should exclude any and all evidence regarding the employment policies of

23 Plaintiff's current employer.  The issues at trial are whether Kitsap County retaliated against

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

Plaintiff by selecting Jackie Blackwood for the DFM 2 position instead of Plaintiff and in removing him from the fire investigation rotation. The provisions of the City of Boise, Idaho's Policy Manual or any other evidence regarding its policies will not offer any probative value to these issues. Fed. R. Evid. 401. Allowing such evidence at trial will be highly prejudicial as it will suggest to the jury that they can hold Defendants liable for violations of the City of Boise, Idaho's policies and procedures even though these policies and procedures do not apply to Kitsap County. Fed. R. Evid. 403. This evidence may also improperly suggest to the jury that Kitsap County's policies are somehow deficient, an unsupported claim which Plaintiff has never made.

To the extent Plaintiff intends to use this evidence to demonstrate the amount of continuing wage loss damages, this should be prohibited by the Court. Plaintiff's claim of constructive discharge was dismissed by the Court. In so ruling, the Court held that Defendants were not responsible for Plaintiff's decision to resign from the Fire Marshal's Office. Accordingly, any damages related to employment wages and benefits are cut-off at the point in which Plaintiff voluntarily left Kitsap County. Plaintiff is not entitled to use evidence and testimony regarding the City of Boise's policies and procedures to establish continuing wage loss.

This evidence should also be excluded on the basis of hearsay pursuant to Fed. R. Evid. 801 and 802. Plaintiff's own testimony regarding the formal employment policies of the City of Boise, Idaho constitutes hearsay and the written policy manual itself is also hearsay and is not self authenticating. Plaintiff has identified no witness who is qualified to discuss these policies or authenticate the policy manual. There is no hearsay exception which applies to this type of evidence. Fed. R. Evid. 803.

**BB.** **City of Boise Pay Records.**

The Court should exclude all evidence and testimony regarding Plaintiff's current pay or

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

pay records with the City of Boise. This evidence is irrelevant pursuant to Fed. R. Evid. 401 because it has no bearing on the issue of Defendants' liability. Similarly, it has no bearing on Plaintiff's economic damages. In dismissing Plaintiff's constructive discharge claims, the Court has ruled that Defendants are not responsible for Plaintiff's decision to resign from the Fire Marshal's Office. Accordingly, any damages related to wages and benefits are cut-off at the point in which Plaintiff voluntarily left Kitsap County in August 2013. Plaintiff is not entitled to use evidence and testimony regarding his pay records, wages, or benefits related to his employment with the City of Boise to establish continuing wage loss.

Allowing this evidence to be presented to the jury will result in prejudice to Defendants as it will likely encourage a jury to award a greater amount of economic damages based upon irrelevant evidence, emotions, and sympathies rather than logical inferences derived from the relevant and material facts. Fed. R. Evid. 403.

DATED this 17th day of July, 2014.

RUSSELL D. HAUGE
Kitsap County Prosecuting Attorney


/S/ Christy Palmer
JACQUELYN M. AUFDERHEIDE, WSBA No. 17374
DEBORAH A. BOE, WSBA No. 39365
CHRISTY PALMER, WSBA No. 42560
Deputy Prosecuting Attorneys
Attorneys for Defendants

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Matthew Z. Crotty
Crotty & Son, PLLC
421 W. Riverside Avenue, Suite 1005
Spokane, WA  99201-0420
matt@crottyandson.com

Thomas G. Jarrard
Law Office of Thomas G. Jarrard
1020 N. Washington Street
Spokane, WA  99201-2237
TJarrard@att.net

Michael B. Love
Workland & Witherspoon
601 West Main Avenue, Ste 714
Spokane, WA  99201
mlove@workwith.com

DATED this 17th day of July, 2014, at Port Orchard, Washington.

Batrice Fredsti, Legal Assistant
Kitsap County Prosecutor's Office
614 Division Street, MS-35A
Port Orchard, WA  98366
(360) 337-4992
bfredsti@co.kitsap.wa.us

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros