MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
421 West Riverside, Suite 1005
Spokane, WA 99201-0300
Telephone: 509.850.7011

THOMAS G. JARRARD
The Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington
Spokane, WA 99201
Telephone: 425.239.7290

MICHAEL B. LOVE
Workland & Witherspoon, PLLC
601 W. Maine Ave, Suite 714
Spokane, Washington 99201
Telephone: 509.455.9011

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG D. HANSON<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KITSAP, WASHINGTON; and DAVID LYNAM,<br><br>Defendants. | NO.  CV 3:13-5388-RJB<br><br>PLAINTIFF'S TRIAL BRIEF<br><br>NOTE ON MOTION CALENDAR:<br>August 8, 2014 |

Plaintiff Craig Hanson submits this trial brief in accordance with the Court's scheduling order, Dkt. 30.

**A.    The Court should issue a detailed circumstantial evidence jury instruction and allow Mr. Hanson to introduce circumstantial evidence in support of his claims.**

Defendants vehemently deny that Mr. Hanson's military service and complaint to the ESGR were a factor in Mr. Hanson's non-promotion to DFM2 and demotion from the fire investigation rotation.  As such, the law allows Mr. Hanson to prove his discrimination and

PLAINTIFF'S TRIAL
BRIEF 3:13-5388-RJB: 1

retaliation claims through circumstantial evidence.  Circumstantial evidence includes (a) the "employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity" (b) "disparate treatment of certain employees compared to other employees with similar work records" (c) proximity in time between exercising the protected activity and the adverse action, (d) the employer not following its own policies; (e) inconsistencies between the employer's proffered reason and other actions of the employer; and (f) the employer's history of discrimination. *Leisek v. Brightwood Corp.,* 278 F.3d 895, 900 (9th Cir. 2002)(*citing Sheehan v. Dep't of the Navy,* 240 F.3d 1009, 1012 (Fed. Cir. 2001)).  *See also Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1214 (9th Cir. 2008)(*citing Brennan v. GTE Govt. Sys. Corp.,* 150 F.3d 21, 29 (1st Cir.1998) ("Deviation from established policy or practice may be evidence of pretext.")); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 267 (1977).

Among other things, Mr. Hanson will show that the County deviated from is policies by (a) retaining Mr. Wiggins and Shepherd in violation of the County's "extra help" policy; (b) disclosing confidential interview notes from Mr. Hanson's April 2013 DFM 2 interview, and (c) delaying payment (for the tune of two years) of Mr. Hanson's 2012 longevity bonus.  Mr. Hanson will show different treatment of similarly situated individuals given that Ms. Blackwood and Mr. Wiggins were placed in deputy fire marshal positions without having to appear before an interview panel similar to what Mr. Hanson faced in April 2013. Mr. Hanson will show the overt hostility by testifying to co-worker statements regarding his return from military service and how those statements drove him to approach Mr. Lynam, and, when that failed, complain to the ESGR. Mr. Hanson will establish inconsistencies relating to the County's reasons for its actions toward Mr. Hanson. The Court should allow Mr. Hanson to present such evidence.

Additionally, the Court should allow Mr. Hanson to present a jury instruction that sets out the above examples of circumstantial evidence.  The instruction Mr. Hanson seeks is Disputed

PLAINTIFF'S TRIAL
BRIEF 3:13-5388-RJB: 2

USERRA Instruction No. 8 – Motivating Factor.  Such an instruction will aid the jury in applying the circumstantial evidence presented in the case to the legal definition of circumstantial evidence as it relates to the "motivating factor" of Mr. Hanson's USERRA retaliation/failure to promote claims. Additionally, Mr. Hanson's "motivating instruction should incorporate the language of *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989) which describes a "motivating factor" as a factor that "plays a part" in an adverse employment decision. Characterizing a "motivating factor" as something that "plays a part" will aid the jury in understanding the meaning of the "motivating factor" phrase.

**B.     The Court should allow Mr. Hanson to issue a USERRA theory of the case jury instruction.**

"A party is entitled to an instruction about her theory of the case if it is (1) supported by law, (2) has foundation in the evidence, and (3) was not covered by other instructions." *Robin v. City of Monrovia*, 520 F. App'x 496, 498 (9th Cir. 2013).

Mr. Hanson's proposed USERRA instruction No. 1 is such a theory of the case instruction. Such an instruction is supported by the law, has a foundation in the evidence in this case (i.e. Mr. Hanson is a returning veteran who made a complaint to the ESGR regarding a violation of his USERRA rights), and is not covered by other instructions.

**C.     The Court should inform the jury that Mr. Hanson does not have to find Dave Lynam liable in order to find Kitsap County liable.**

Defendants propose a jury instruction that informs that jury that if the jury does not find Dave Lynam liable then the jury cannot find Kitsap County liable.

Such an instruction is improper as Mr. Lynam and Kitsap County are recognized as separate employers under USERRA. 38 U.S.C. § 4303(4).  As such, Kitsap County and David Lynam are being sued as separate employers.  Therefore, a non-finding of liability as to one employer does not foreclose a finding of liability against a second employer. Accordingly, the

PLAINTIFF'S TRIAL
BRIEF 3:13-5388-RJB: 3

Court should allow Mr. Hanson to use his USERRA employer instruction so as to inform the jury of the employer status of both defendants. Conversely, the "Principal/Agent" instruction proposed by the defense will confuse the jury, misstates the USERRA statute, and should not be used.

**D.    The Court should adopt the 11th Circuit's instruction as to Mr. Hanson's 38 U.S.C. § 4316(c) failure to promote claim and use Mr. Hanson's 38 U.S.C. § 4316 "demotion" instruction.**

The 9th Circuit does not have USERRA pattern jury instructions. 11th Circuit Court of Appeals, however, does. The 11th Circuit's §4316(c) pattern instruction contains the following language that addresses defendants' §4316(c) defense:

> Where, as here, Defendant alleges a legitimate nondiscriminatory reason for the termination of Plaintiff, such as a layoff or elimination of Plaintiff's position, Defendant bears the burden of proving by a preponderance of the evidence that the layoff or job elimination was for a legitimate nondiscriminatory reason and that such layoff would have affected anybody in Plaintiff's position, regardless of his or her protected status or activity. *See* 11th Circuit Model Jury Instructions, Section 4.20, pg. 309 *available at* http://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCivilPatternJuryInstruction.pdf  (last visited August 6, 2014).

The defendants' proposed instruction cites the same 11th Circuit pattern instruction but omits the "<u>and that such layoff would have affected anybody in Plaintiff's position</u>, regardless of his or her protected status or activity" language. Since USERRA commentators and the 11th Circuit approve such language, that underlined language should be included. Piscitelli & Still <u>The USERRA Manual</u> pg. 159 n. 19, §6:6 (2011 ed.)

The defendants' proposed § 4316(c) instruction also violates a motion in limine to which defendants stipulated. The defendants' proposed instruction states "<u>[a] defendant has cause to demote an employee when the demotion is based upon the Plaintiff's conduct</u> or some other legitimate non-retaliatory reason, such as the elimination of the Plaintiff's job position." Yet defendants stipulated to *not* assert a "demotion based upon the Plaintiff's conduct" defense. (Dkt. 160, pg. 4-5) Thus, the underlined language should be stricken from any §4316(c) instruction.

**E.     The court should allow Mr. Hanson to utilize USERRA Instruction No. 5.**

Mr. Hanson seeks to inform the jury that federal regulations require an employer to remove replacement employees upon the veteran's return to the workplace. That regulation is 20 C.F.R. § 1002.139 and provides, in part, "[t]he employer may not, however, refuse to reemploy the employee on the basis that another employee was hired to fill the reemployment position during the employee's absence, even if reemployment might require the termination of that replacement employee." Mr. Hanson will testify that it was his understanding of the regulation that was one of the factors that led him to make his January 2, 2013, ESGR complaint. Such an instruction is needed to show the jury of Mr. Hanson's good faith belief that he was being discriminated against.

Additionally, the instruction is also important as Mr. Hanson can use the County's failure to follow the above-referenced CFR as circumstantial evidence of tortious conduct, here discrimination and retaliation. *See Mathis v. Ammons,* 84 Wn. App. 411, 419, n. 16 (1996); RCW 5.40.050.

DATED this 8th day of August 2014.

> */s Matthew Crotty*
> MATTHEW Z. CROTTY
> Crotty & Son Law Firm, PLLC
> 421 West Riverside, Suite 1005
> Spokane, WA 99201

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August 2014,

1.  I served the foregoing via the Court's CM/ECF system:

Jacquelyn Moore Aufderheide jaufderh@co.kitsap.wa.us,

Deborah Ann Boe dboe@co.kitsap.wa.us,

Christine M. Palmer, cmpalmer@co.kitsap.wa.us

Matthew Z. Crotty matt@crottyandson.com, matthew.z.crotty@msn.com

Thomas G. Jarrard tjarrard@att.net

Michael B. Love mlove@workwith.com

2.  I have caused to be hand-delivered the document to the following participants at the addresses listed below: none.

CROTTY & SON LAW FIRM, PLLC

*Matthew Z. Crotty*
MATTHEW Z. CROTTY
WSBA #39284, ISB #8653
421 W. Riverside Ave. Ste 1005
Spokane, WA 99201
Telephone: (509) 850-7011
Email: matt@crottyandson.com