IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG D. HANSON<br><br>    Plaintiff,<br>v.<br><br>COUNTY OF KITSAP, WASHINGTON; and DAVID LYNAM, KITSAP COUNTY FIRE MARSHAL; and, JOHN AND JANE DOE, EMPLOYEE-AGENTS AND FORMER EMPLOYEE-AGENTS OF KITSAP COUNTY<br><br>    Defendants. | NO. CV 3:13-5388<br><br>**PRETRIAL ORDER** |

## I.  JURISDICTION

Jurisdiction is vested in this Court by virtue of Plaintiff's USERRA, 38 U.S.C. § 4323(b)(1)-(3), claim as allowed under 28 U.S.C. § 1331 and Plaintiff's Washington Law Against Discrimination claim, RCW 49.60, as allowed under 28 U.S.C. § 1367.

## II.  CLAIMS AND DEFENSES

A.  Plaintiff will pursue the claims for relief at trial as listed in the Order of Clarification and Changing Caption (Dkt. 170).

PRETRIAL ORDER - 1

B. <u>Defendants' Statement Concerning Claims Remaining for Trial:</u>

1. USERRA § 4311 (discrimination) and § 4316 (without cause discharge), not selecting Plaintiff for promotion an/or removal from fire investigation rotation for filing the ESGR complaint; and

2. WLAD (discrimination), not selecting Plaintiff for promotion and/or removal from fire investigation rotation for filing the ESGR complaint.

C. <u>Defendants will pursue the following affirmative defenses:</u>

1. Defendants would have taken the same actions and made the same decisions even if Plaintiff had not filed an ESGR Complaint.

## III.   ADMITTED FACTS

A. <u>The following facts are admitted by the parties:</u>

1. From March 13, 2007 to August 23, 2013, Mr. Hanson worked as Deputy Fire Marshal (DFM) for Kitsap County (County), served part-time with the Washington Army National Guard, and was supervised by David Lynam.

2. The Army National Guard activated Mr. Hanson from November 16, 2009 to December 2, 2012.

3. Employees on the fire investigation rotation receive a higher rate of pay when performing fire investigation duties.

4. Among others, Dave Lynam supervised Jackie Blackwood, Tina Turner, and Craig Hanson.

5. Mr. Hanson complained to the Employer Support for Guard and Reserve on January 2, 2013.

PRETRIAL ORDER - 2

6. On February 4, 2013, the County posted a DFM 2 job announcement which listed "three years' experience in fire prevention and investigation work" as a qualification for the job.

7. Mr. Hanson and Ms. Blackwood interviewed for the DFM 2 position on April 16, 2013.

8. As of April 16, 2013, Mr. Hanson had received training in conducting fire investigations.

9. As of April 16, 2013, Ms. Blackwood had not single-handedly conducted a single fire investigation.

10. Plaintiff resigned his employment with Kitsap County on August 23, 2013.

## IV. ISSUES OF LAW

**The following are the issues of law to be determined by the Court**:

A.  Plaintiff's Statement.

1. Whether the Defendants engaged in violations of 38 U.S.C. § 4311 by retaliating against Mr. Hanson for filing an ESGR complaint.

2. Whether the Defendants engaged in violations of 38 U.S.C. § 4316 by removing Mr. Hanson from the fire investigation rotation within one year of his return to work following military leave.

3. Whether the Defendants engaged in violations of RCW 49.60.180 by using Mr. Hanson's military service/veteran status as a motivating factor to not promote Mr. Hanson to DFM2.

PRETRIAL ORDER -  3

4. Whether Defendants willfully violated USERRA pursuant to 38 U.S.C. § 4323(d)(1)(C).

5. Whether Mr. Hanson is entitled to all relief demanded in his complaint pursuant to 38 U.S.C. § 4323(d), (e) and (h); and RCW 49.60.030.

6. Whether the Court shall direct a verdict against Defendant as to liability under 38 U.S.C. § 4318.

7. Whether Defendants' affirmative defenses should be struck, including:

(a) "Defendants exercised reasonable care to prevent and promptly correct any unlawful discrimination and/or harassment, and Plaintiff' unreasonably failed to take advantage of preventative or corrective opportunities Defendants provided or otherwise failed to avoid harm", is not a cognizable affirmative defense to any USERRA claim.

(b) "The injuries and damages, if any, claimed by Plaintiff were caused or contributed to by Plaintiff's own fault" is not a cognizable affirmative defense to any USERRA claim, and merely a general denial or other defense which merely alleges that Plaintiff has not met his burden of proof is not an affirmative defense.

(c) "If Plaintiff suffered any damages, recovery therefor is barred or reduced by Plaintiff's failure to mitigate said damages" is insufficient by merely referencing the name of a defense without setting forth its elements or any factual basis for each of those elements.

(d) "There is no causation between the alleged actions against Defendants and the injuries and/or damages claimed to have been sustained by

PRETRIAL ORDER - 4

Plaintiff" is not a cognizable affirmative defense to any USERRA claim and merely a general denial or other defense which merely alleges that Plaintiff has not met his burden of proof is not an affirmative defense.

(e) "Plaintiff's claims are barred by the doctrine of waiver" is insufficient by merely referencing the name of a defense without setting forth its elements or any factual basis for each of those elements.

(f) "Plaintiff's claims are barred by the doctrine of estoppel" " is insufficient by merely referencing the name of a defense without setting forth its elements or any factual basis for each of those elements.

(g) "Some of Plaintiff's claims may be barred by the statute of limitations" " is insufficient by merely referencing the name of a defense without setting forth its elements or any factual basis for each of those elements.

(h) "Defendants took no tangible employment action against Plaintiff, based on military service or any other unlawful discrimination" is not a cognizable affirmative defense to any USERRA claim and merely a general denial or other defense which merely alleges that Plaintiff has not met his burden of proof is not an affirmative defense.

(i) "Plaintiff's claim is barred under the substantial truth doctrine" is not a cognizable affirmative defense to any USERRA claim and merely a general denial or other defense which merely alleges that Plaintiff has not met his burden of proof is not an affirmative defense.

PRETRIAL ORDER - 5

(j) Striking the request "that Defendants be allowed their actual costs and attorney's fees herein" as USERRA explicitly allows only a prevailing Plaintiff may be awarded fees or costs of litigation.

B. Defendants' Statement of the Issues:

1. Whether Plaintiff's protected activity, filing an ESGR complaint, was a substantial or motivating factor in Defendants' action not to promote Plaintiff and/or to remove him from the fire-investigation rotation.

2. If the jury answers Issue No. 1 affirmatively, then whether Defendants would have made the same decision even if Defendants had not taken Plaintiff's act of filing an ESGR complaint into account.

3. If the jury answers Issue No. 2 affirmatively, then whether Plaintiff suffered damages because of Defendants' action in not promoting Plaintiff or removing him from the fire-investigation rotation because he filed an ESGR complaint.

## IV. EXPERT WITNESSES

A. Each party shall be limited to one expert witness on the issue of damages.

B. The names and addresses to be used by each party at the trial and the issue upon which each will testify is:

1. On behalf of Plaintiff: Dwayne Normandeau, 421 W. Riverside Ave. Ste. 460, Spokane, WA 99201. Mr. Normandeau will testify about Mr. Hanson's economic damages.

2. On behalf of Defendants: John E. Hamm, M.D., P.S., 515 Minor Avenue, Suite 250, Seattle, Washington, 98104, (360) 622 9496, will be called to testify regarding the nature and extent of Plaintiff's intellectual, cognitive, and psychological

PRETRIAL ORDER - 6

functioning as well as the nature and probable causes of Plaintiff's claimed emotional distress.

### V.	OTHER WITNESSES

A.	On behalf of Plaintiff:

1.	Jeff Rimack, 614 Division St, Port Orchard, WA 98366.  Mr. Rimack will testify about his interactions with Mr. Hanson and Kitsap County's management, regarding Mr. Hanson, during the late 2012 and 2013 timeframe. *Possible witness.*

2.	Craig Hanson, C/o Matt Crotty, 421 W. Riverside Ave. Ste. 1005, Spokane, WA 99201. Mr. Hanson will testify as to the nature of his claims, damages, and employment at Kitsap County. *Will testify.*

3.	Penny Starkey, C/o Jacquelyn Aufderheide, 614 Division St, Port Orchard, WA 98366.  Ms. Starkey will testify about Kitsap County policy, procedures, and documents. *Will testify.*

4.	David Lynam, C/o Jacquelyn Aufderheide, 614 Division St, Port Orchard, WA 98366.  Mr. Lynam will testify about Mr. Hanson's employment at Kitsap County. *Will testify.*

5.	Jenny Hanson.  C/o Matt Crotty, 421 W. Riverside Ave. Ste. 1005, Spokane, WA 99201. Jenny Hanson is Craig Hanson's wife. She can be contacted through counsel's address.  If called, she will testify about her observations of Mr. Hanson upon Mr. Hanson's return to work at Kitsap County and what happened to her family after Mr. Hanson returned to work at Kitsap County. *May testify.*

6.	Cody Hanson.  C/o Matt Crotty, 421 W. Riverside Ave. Ste. 1005, Spokane, WA 99201. Cody Hanson is Craig Hanson's oldest son.  He can be contacted through counsel's address.  If called, he will testify about his observations of Mr. Hanson upon Mr. Hanson's return to work at Kitsap County. *May testify.*

PRETRIAL ORDER - 7

7. <u>Jody Stewart</u>. 820 Pacific Ave., Ste. 201, Bremerton, Washington 98337, (360) 620 3722. Ms. Stewart has been listed by the defense as a witness. Her address has already been supplied. She will testify about her counseling and treatment of Plaintiff. *May testify.*

B. *Will Testify* On behalf of Defendants:

1. <u>Larry Keeton</u>, 614 Division Street, Port Orchard, Washington, 98366, (360) 337-4973, will be called to testify regarding Kitsap County, the Kitsap County Department of Community Development (DCD) and the Fire Marshal's Office within DCD, his supervision of David Lynam and the Fire Marshal's Office, and the creation and posting of the DFM 2 position, and in general in defense of the claims remaining for trial and to the affirmative defense asserted by Defendants.

2. <u>David Lynam</u>, 614 Division Street, Port Orchard, Washington, 98366, (360) 337-4973, will be called to testify about his role in DCD and the Fire Marshal's Office, the creation, posting, and recruitment of the DFM 2 position, the selection of Ms. Blackwood for the DFM 2 position including her qualifications and experience and Mr. Hanson's qualifications and experience, Mr. Hanson's performance and discipline, changes in Mr. Hanson's role in the fire investigation rotation, and in general in defense of the claims remaining for trial and to the affirmative defense asserted by Defendants.

3. <u>Jeff Rowe</u>, 614 Division Street, Port Orchard, Washington, 98366, (360) 337-4972, will be called to testify as to the interviews for the DFM 2 position, the selection of Ms. Blackwood for the DFM 2 position, the discipline of Mr. Hanson in 2009, and in general in defense of the claims remaining for trial and to the affirmative defense asserted by Defendants.

PRETRIAL ORDER - 8

4.      Wayne Senter, 6433 Wexford Avenue SW, Port Orchard, Washington, 98367, will be called to testify as to his knowledge, or lack thereof, of the fact that Plaintiff had filed an ESGR complaint in January 2013 and the County's organizational structure regarding the fire rotation, and his participation as an interviewer and rater for the DFM 2 position.

5.      Warner Webb, Pierce County Fire Marshal, 2401 S. 35th Street, Tacoma, Washington, 98409, will be called to testify as to his knowledge, or lack thereof, of the fact that Plaintiff had filed an ESGR complaint in January 2013 and the County's organizational structure regarding the fire rotation, and his participation as an interviewer and rater for the DFM 2 position.

6.      Jonathan Dunaway, 309 NW 310th Street, Ridgefield, Washington, 98642, will be called to testify as to his knowledge, or lack thereof, of the fact that Plaintiff had filed an ESGR complaint in January 2013 and the County's organizational structure regarding the fire rotation, and his participation as an interviewer and rater for the DFM 2 position.

7.      Mia Alexander, 614 Division Street, Port Orchard, Washington, 98366, (360) 337-4973, will be called to testify regarding her duties as a payroll services supervisor for Kitsap County, and her knowledge of the wages paid to Mr. Hanson, the County's pay scales, out-of-class pay and County policies and procedures relating to wages and benefits.

8.      Laura Osborne, 614 Division Street, Port Orchard, Washington, 98366, (360) 337-3392, will be called to testify regarding Mr. Hanson's personal relationship with her as evidenced in emails, prior discipline, and health care records.

PRETRIAL ORDER - 9

9. <u>Jody Stewart</u>, MA, LMHC, 820 Pacific Ave., Ste. 201, Bremerton, Washington 98337, (360) 620 3722, provided mental health counseling and treatment to Plaintiff and will be called to testify regarding her counseling and treatment of Plaintiff.

## VI.   EXHIBITS

**Admissibility stipulated:**

A.   <u>Plaintiff's Exhibits</u>

   5.   Craig Hanson's 2007 Performance Evaluation.

   6.   Craig Hanson's 2008 Performance Evaluation.

   7.   Craig Hanson's 2009 Performance Evaluation.

   8.   Craig Hanson's 2012 Performance Evaluation and 2012 Performance Evaluations.

   9.   Craig Hanson's fire investigation certificates

   13.   Craig Hanson's January 2, 2013, ESGR complaint.

   19.   Kitsap County's February 4, 2013 DFM 2 Job Announcement.

   21.   Kitsap County's April 16, 2013, DFM 2 Interview Checklist.

   22.   Kitsap County's April 16, 2013, Interview Panel notes.

   23.   Dave Lynam's Notes regarding Mr. Hanson from April 16, 2013, DFM 2 interview.

   26.   Craig Hanson's pay records.

   27.   Kitsap County's Collective Bargaining Agreement.

   30.   Kitsap County's Department of Community Development Salary Schedule.

   31.   Craig Hanson's W2s and tax returns.

   32.   Craig Hanson's 2013 DFM 2 job application.

PRETRIAL ORDER - 10

B.     Defendants' Exhibits:

Defendants' #D-1:  Interview Questions/scoring sheets for Jackie Blackwood. Rater:  Wayne Senter.

Defendants' #D-2:  Interview Questions/scoring sheets for Jackie Blackwood. Rater:  John Dunaway.

Defendants' #D-3:  Interview Questions/scoring sheets for Jackie Blackwood. Rater:  Warner Webb.

Defendants' #D-4:  Interview Questions/scoring sheets for Jackie Blackwood. Rater:  Jeff Rowe.

Defendants' #D-6: Jackie Blackwood's Performance Evaluations 1993-2002.

Defendants' #D-7: Jackie Blackwood's Performance Evaluations 2006-2012.

Defendants' #D-9: Kitsap County's January 14, 2013 Memorandum re Out of Class work Assignment for Craig Hanson.

Defendants' #D-14:  Jackie Blackwood application for the DFM 2 position.

Defendants' #D-16 – January 2008 Emails and Memorandum concerning Jackie Blackwood's qualifications and experience for the DFM 1 position.

Defendants' #D-21 – Interview Schedule showing scores of the panel.

Defendants' #D-22 – Hanson DD-214 Oct 2011

**Authenticity stipulated, admissibility disputed**:

A.     Plaintiff's Exhibits.

1.     Kitsap County Department of Community Development Organization Chart (listing Craig Hanson Deputy Fire Marshal 2 (OOC)).

2.     Craig Hanson's DD214 (2007).

3.     Craig Hanson's 2007 Job Application.

4.     Craig Hanson's June 2007 DFM 2 Job Application.

10.    Kitsap County's April 14, 2009, Request for DFM 2 out of class work assignment.

PRETRIAL ORDER -  11

11. Kitsap County's Extra Help Policy.

12. Kitsap County's Request to Fill Extra Help Position re Brad Wiggins and Shawn Shepherd.

14. Email from Craig Hanson to David Lynam dated December 5, 2012.

15. Email from Craig Hanson to David Lynam dated December 17, 2012.

16. Email from Craig Hanson to David Lynam dated January 28, 2013.

17. Email from Craig Hanson to David Lynam dated February 14, 2013.

18. March 7, 2013, chart note from VA re Craig Hanson.

24. Craig Hanson Reference letters.

25. Kitsap County's pay codes.

33. Plaintiff Requests for Admission Nos. 27, 48, and 49 and Kitsap County's responses to thereto.

34. Extra help employees Brad Wiggins and Shawn Shepherd's pay records for 2013.

B. Defendants' Exhibits.

Defendants' #D-5: Disciplinary records of Craig Hanson.

Defendants' #D-8: Email dated July 23, 2012 from David Lynam to Craig Hanson re possible DFM II opportunity.

Defendants' #D-15: Memorandum of "Craig Hanson Performance Issues 5/1/13.

Defendants' #D-17: Instant messages between Laura Osborne and Craig Hanson.

Defendants' #D-18: January 2013 Email string between Craig Hanson and Loren Chilson.

Defendants' #D-19: March 2013 Email from Craig Hanson to Loren Chilson.

**Authenticity and admissibility disputed:**

A. Plaintiff's Exhibits.

PRETRIAL ORDER - 12

      20.      Document labeled "Fire Investigations of Craig Hanson"

      28.      City of Boise, Idaho's Policy Manual.

      29.      City of Boise pay records for Craig Hanson.

B.    <u>Defendants' Exhibits</u>.

Defendants' #D-10: Letter from Therapist Kimberly Green dated 2/16/2014.

Defendants' #D-11: Letter from Therapist Kimberly Green dated 3/27/2014 with attached records of Jenny Hanson.

Defendants' #D-12: Medical records of Craig Hanson produced by Jody Stewart, MA.

Defendants' #D-13: Letter and Certificate of Appreciation issued by ESGR to David Lynam in 2009.

Defendants' #D-20: Payroll Calculations – DFM 1 verses DFM2, and Out-of-Class Pay for the Period 5/1/13 to 08/23/13.

Defendants' #D-23 –Kitsap County Department of Community Development 2013 Organization Chart

Defendants' #D-24 – Letter from Dr. Lumley dated June 6, 2013

Defendants' #D-25 – Press Release

## VII.   ACTION BY THE COURT

A.    This case is scheduled for trial before a jury on August 18, 2014.

B.    Trial briefs shall be submitted to the court on or before August 12, 2014.

C.    Jury instructions requested by either party shall be submitted to the court on or before August 12, 2014. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before August 12, 2014.

D.    The jury will have 8 members.

PRETRIAL ORDER - 13

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order.

This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this 12th day of August, 2014.

_____
ROBERT J. BRYAN
United States District Judge

FORM APPROVED

CROTTY & SON LAW FIRM, PLLC

*Matthew Z. Crotty*
MATTHEW Z. CROTTY
WSBA #39284, ISB #8653
421 W. Riverside Ave. Ste 1005
Spokane, WA 99201
Telephone: (509) 850-7011
Email: matt@crottyandson.com

RUSSELL D. HAUGE
Kitsap County Prosecuting Attorney

_____
JACQUELYN M. AUFDERHEIDE, WSBA No. 17374
DEBORAH A. BOE, WSBA No. 39365
CHRISTY PALMER, WSBA No. 42560
Deputy Prosecuting Attorneys
Attorneys for Defendants

PRETRIAL ORDER - 14

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of August 2014,

1. I served the foregoing via the Court's ECF system to:

Jacquelyn Moore Aufderheide

Deborah Ann Boe

Christine M. Palmer

Thomas G. Jarrard

Michael B. Love

Matthew Z. Crotty

2. I have caused to be hand-delivered the document to the following participants at the addresses listed below: none.

/s Thomas G. Jarrard
Thomas G. Jarrard
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA 99201
(425) 239-7290

PRETRIAL ORDER - 15