MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 409
Spokane, WA 99201-0300
Telephone: 509.850.7011
Facsimile: 509.703.7957

THOMAS G. JARRARD
The Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington
Spokane, WA 99201
Telephone: 425.239.7290

MICHAEL B. LOVE
Workland & Witherspoon, PLLC
601 W. Maine Ave, Suite 714
Spokane, Washington 99201
Telephone: 509.455.9011

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| CRAIG D. HANSON | **NO. CV 3:13-5388-RJB** |
|---|---|
| Plaintiff, | PLAINTIFF'S MOTIONS IN LIMINE |
| v. | Note for hearing: February 13, 2015 |
| COUNTY OF KITSAP, WASHINGTON, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff, Craig Hanson, moves this Court, *in limine*, for an order precluding the introduction of certain evidence at trial. Plaintiff's motion supplements plaintiff's motions in limine that were filed before the August 18, 2014, trial in this case. Since the Court already ruled on the pre-August 18, 2014, motions in limine those motions are reincorporated but not repeated here. (Dkt. 160, 171)

As to the below motions in limine, the parties met and conferred on January 20, 2015, as required by LCR 7(d)(4). Despite good faith effort the parties were not able to agree on the below-referenced motions in limine.

## II.   MOTIONS IN LIMINE

*1.   Testimony regarding witness religious affiliation.*

Federal Rule of Evidence 610 provides, in full, "[e]vidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." Courts analyzing Fed. R. Evid. 610 state "[t]he purpose of the rule is to guard against the prejudice which may result from disclosure of a witness's faith." *United States v. Sampol,* 636 F.2d 621, 666 (D.C. Cir. 1980). As such, the Court should bar any testimony from any witness that indirectly or directly implicates that witnesses' religious affiliation, including, without limitation, whether the witness attends church, doesn't attend church, or is an "elder" in his church.

Inexplicably, the County would not stipulate to such a limiting instruction. The County argued, at the motion in limine meet and confer conference, that such testimony was necessary to establish the witness's "background." The County provided no legal authority in support of its argument. None exists. Such "background" religious testimony is precisely designed to "support the witnesses' credibility" and barred by Fed. R. Evid. 610. As such, whether a witness is an "elder" in his church, Mormon, Catholic, Muslim, or atheist has no bearing on the parties' claims or defenses in this case. This motion should be granted given the rule's unambiguous language and the highly prejudicial effect such religious-laced testimony may have on jurors. For it is not too much of a stretch to posit that the August trial's jury deadlocked because Rule 610 was not followed.

*2. Testimony regarding plaintiff's post-August 23, 2013, workplace performance that is not wage/benefit related.*

Mr. Hanson left Kitsap County's employ on August 23, 2013. Mr. Hanson's claims solely relate to Kitsap County's actions and omissions that occurred before August 23, 2013. As such, any testimony related to Mr. Hanson's post August 23, 2013, employment that does not directly relate to Mr. Hanson's wages and benefit (which are relevant to plaintiff's mitigated damages) is irrelevant, unfairly prejudicial, would cause jury confusion, and would result in a trial within a trial involving Mr. Hanson's post-August 23, 2013, employment.

Indeed, "[w]ork performance with other employers, either before or after the defendant employer, is inadmissible under Rule 404(a) Federal Rules of Evidence (evidence of a trait or character to prove conduct in conformity therewith on a particular occasion is inadmissible)." *E.E.O.C. v. Serramonte,* 237 F.R.D. 220, 223 (N.D. Cal. 2006). Further, "the taking of evidence pro and con [of a plaintiff's] performance in the various jobs … held prior to and after … discharge … would confuse the issues and increase unjustifiable expense and delay."*Rauh v. Coyne*, 744 F. Supp. 1181, 1184 (D.D.C. 1990).

Accordingly, plaintiff's motion in limine should be granted regarding plaintiff's post August 23, 2013, workplace performance.

*3. Defense witnesses Jody Stewart and Laura Osborne should not testify.*

Plaintiff withdrew any claim to emotional distress damages. As such, any testimony from plaintiff's U.S. Department of Veteran's Affairs appointed-counselor, Jody Stewart, is irrelevant as it has no bearing on plaintiff's claims, defendant's defenses and plaintiff's damages. Further, Ms. Stewart is not (nor was) a Kitsap County employee and has no personal knowledge of the acts and events that bear on each parties' remaining claims and defenses. Fed. R. Evid. 602. Additionally, Ms. Stewart's testimony would confuse the jury, waste time, and be unfairly

prejudicial as many of Ms. Stewart's therapy notes, of which defendant lists as an exhibit (and to which plaintiff (again) also objects), contain private personal information whose disclosure to the jury would unfairly prejudice plaintiff.

Ms. Osborne, a Kitsap County employee with whom plaintiff exchanged emails in 2009 and 2013, lacks personal knowledge of the acts and omissions that give rise to plaintiff's retaliation, failure to promote, and demotion claims. Indeed, there is no shred of evidence that Ms. Osbourne has first-hand knowledge of the facts associated with plaintiff's filing the ESGR complaint, plaintiff's non-promotion to DFM2, and plaintiff's demotion from the fire investigation rotation. Additionally, at no time did defendant list plaintiff's email exchanges with Ms. Osborne as a factor it considered in not promoting plaintiff to DFM2 or demoting him from the fire investigation rotation. As such, testimony from Ms. Osborne regarding the email-exchanges is irrelevant, unfairly prejudicial, and would confuse the jury.

*4. Defense Exhibits 26, 27, 28 are irrelevant and unfairly prejudicial.*

Defendant seeks to admit a photo of Mr. Hanson's November 2009 going away cake (D-26), a photo of a "donation boot" (D-27) regarding Kitsap County's 2009 participation in a Blue Star program (whatever that is), and a document, dated November 2009, (D-28) in which someone appears to be signing a Blue Star form regarding Mr. Hanson.

Those exhibits should be excluded because they are irrelevant. Fed. R. Evid. 401. The claims and defenses in this case relate to what happened in 2012 and 2013, not 2009. Further, the exhibits are unfairly prejudicial as they may distract the jury from evaluating the evidence and testimony germane to the relevant events/timeframes in the case. Fed. R. Evid. 403. Additionally, the exhibits are character evidence inadmissible under Fed. R. Evid. 404. Rule 404(a) provides, in part:

**(a) Character Evidence.**

> **(1)** *Prohibited Uses*. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

Clearly Kitsap County wants the jury to believe that since it treated Mr. Hanson nicely in 2009 it "acted in accordance with that character or trait" in 2012 and 2013 and, therefore, did not discriminate or retaliate against Mr. Hanson during that timeframe. Rule 404(a) bars the use of such evidence and those exhibits should be excluded. Lastly, to the best of plaintiff's counsels' knowledge, none of the above exhibits were produced in discovery.

### III. CONCLUSION

Mr. Hanson's motions in limine should be granted.

Respectfully submitted this January 22, 2015.

By: *Matthew Z. Crotty*
Matthew Z. Crotty, WSBA #39284
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015,

1. I served the foregoing via the Court's CM/ECF system:

Jacquelyn Moore Aufderheide

Deborah Ann Boe

Christine M. Palmer

Matthew Z. Crotty

Thomas G. Jarrard

Michael B. Love

2. I have caused to be hand-delivered the document to the following participants at the addresses listed below: none.

CROTTY & SON LAW FIRM, PLLC

*Matthew Z. Crotty*
MATTHEW Z. CROTTY
WSBA #39284, ISB #8653
905 W. Riverside Ave. Ste 409
Spokane, WA 99201
Telephone: (509) 850-7011
Email: matt@crottyandson.com