UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG D. HANSON,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF KITSAP, WASHINGTON,<br><br>  Defendants. | CASE NO. C13-5388RJB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REMITTITUR OR IN THE ALTERNATIVE A NEW TRIAL |

This matter comes before the court on the above-referenced motion (Dkt. 291). The court is familiar with the records and files herein, the events of the trial, and documents filed in support of and in opposition to this motion. For the reasons stated herein, the motion should be denied.

This case has a long and torturous history that culminated in a jury finding in part for the plaintiff and in part for the defendant on the various claims submitted. Clearly, the jury understood the instructions of the court and the verdict form. They found for the plaintiff on claims relating to the failure to promote the plaintiff and found for the defendant on all other claims. It appears to the court that the verdict was supported by the evidence and that the verdict

ORDER DENYING DEFENDANT'S MOTION
FOR REMITTITUR OR IN THE ALTERNATIVE A
NEW TRIAL- 1

was not excessive. It also appears to the court that the evidentiary rulings made during trial were consistent and appropriate, and that the verdict was not the result of undue passion or prejudice.

The court does not wish to add a lengthy opinion to this already voluminous record, but will make the following comments in response to issues raised by the defendant:

First, the court notes that there are no objections made as part of this motion to the instructions given. The instructions were complex but appeared to be followed by the jury.

Second, the evidence of damages was not entirely clear and, arguably, was confusing. Nevertheless, there is sufficient evidence in the record to support the amounts awarded, which was far less than the $396,582.00 requested by plaintiff's counsel in closing argument.

Third, the court notes that, although there was a finding of willfulness, there has been no request to increase the judgment as a result of that finding.

Fourth, the defendant argues that much evidence was admitted that was in support of dismissed claims and that such evidence should not have been admitted. The evidence admitted was relevant to the claims that remained in the case. Defendant's counsel's argument did not insert those dismissed claims back into the case but only argued to the jury the entire background of what led to the issues that were presented to the jury. Instruction No. 10 clearly limited the jury's deliberations to those claims properly presented in this case. As mentioned above, the jury clearly understood the instructions and carefully determined the merits of each claim. There is no indication that their verdict was in any way based on dismissed claims.

Fifth, the defendant argues that the court should set aside the verdict because it was "contrary to the clear weight of the evidence." The verdicts were supported by the weight of the evidence. The defendants may have been surprised by the outcome and clearly counsel's view of the evidence is contrary to that of the jury, but the evidence was sufficient to carry the case

forward and was not contrary to the clear weight of the evidence.  Long experience has indicated to this judge that it is a slippery slope for a judge to overrule a jury's view of the weight and effect of the evidence, if the evidence is sufficient to submit the case to the jury.  The evidence was sufficient to raise jury questions here, and was not contrary to the cause of justice.

Sixth, the defense, in the conclusion to its reply (Dkt. 321) states, "Based upon this award, Kitsap is now facing a million dollars attorney fee request unwarranted negative publicity, and the undeserved publicity of discriminating against veterans."  Such unhappy side effects from a jury verdict may be hard to bear, but they are not a basis for granting a new trial.  Neither a remittitur or a new trial is justified here.

Lastly, the court has chosen to view this motion on its merits and has not dealt with the procedural issues raised in plaintiff's response (Dkt. 313).  Those procedural issues are moot in light of the court's ruling on merits of the motion.

For the foregoing reasons, Defendant's Motion for a Remittitur or in the Alternative a New Trial (Dkt. 291) is hereby DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of May, 2015.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR REMITTITUR OR IN THE ALTERNATIVE A
NEW TRIAL- 3